JOHN TANIS ET AL., PLAINTIFFS-APPELLANTS, v. COUNTY OF PASSAIC, DEFENDANT-RESPONDENT.

Submitted October 25, 1940—Decided January 28, 1941.

See *Clayton* v. *Civil Service Commission*, 120 *N. J. L.* 319, and *Tanis* v. *Passaic County*, 122 *Id.* 486.

For the appellants, *Henry Marelli.*

For the respondent, *Charles S. Silberman.*

The opinion of the court was delivered by

HEHER, J. Plaintiffs were jail keepers of the County of Passaic during the years 1933, 1934 and 1935. Pursuant to

the authority of chapter 13 of the Laws of 1933 (*Pamph. L., p. 26*; see, also, chapter 446 of the same session laws, *p. 1244*) and like subsequent enactments (see chapter 2, *Pamph. L. 1935, p. 12*), the local board of chosen freeholders, in a general retrenchment of salaries for that period, reduced their salaries twenty-five per centum and those of the court attendants twenty per centum. Chapter 255 of the Laws of 1927 (*Pamph. L., p. 474*), provided that, in counties of the class embracive of Passaic, the jail keepers "shall receive and be paid the same compensation as may" then or thereafter "be paid to court attendants engaged in attending" certain of the county courts. The salaries of such court attendants were regulated by chapter 25 of the Laws of 1926 (*Pamph. L., p. 48*); and these jailers had theretofore been compensated accordingly. This action was brought to recover the five per cent. difference in salary, on the hypothesis that the local governing body, in the exercise of the statutory power to curtail salaries, could not lawfully reduce the salaries of jailers below that fixed for court attendants. The enabling act (chapter 13 of the Laws of 1933, *supra*) contains a proviso that, "in fixing salaries or compensation there shall be no discrimination among or between individuals in the same class of service." See, also, chapter 446 of the Laws of 1933, *supra*.

The complaint was struck out on the ground that, under section 24 of the Civil Service Act of 1908 (*Comp. Stat. 1910, p. 3804*), as amended by chapter 236 of the Laws of 1917 (*Pamph. L., p. 797*; *R. S.* 1937, 11:22-38), plaintiffs "had a complete administrative remedy to correct this discrimination effected by a reduction in compensation" * * * citing *Draper* v. *Commissioners of Public Instruction,* 66 *N. J. L.* 54, and *Board of Education of Flemington* v. *State Board,* 81 *Id.* 211.

But these cases are not apropos. They lay down the procedural principle that, where a special tribunal is set up to determine controversies arising in the administration of a governmental department or agency, the courts will not exercise their powers of review until the remedial authority of the statutory tribunal has been exhausted. They. have specific

reference to the statute providing for the management of public schools by district boards, and prescribing that the state superintendent of public instruction "shall decide, subject to appeal to the state board of education * * *, all controversies and disputes that shall arise under the school laws, or under the rules and regulations of the state board of education." *Comp. Stat.* 1910, *pp.* 4718, 4727; *R. S.* 1937, 18:1-1, 18:3-14, 18:3-15. *Vide Buren* v. *Albertson,* 54 *N. J. L.* 72; *Thompson* v. *Board of Education of Borough of Elmer,* 57 *Id.* 628; *Jefferson* v. *Board of Education of the City of Atlantic City,* 64 *Id.* 59; *Stockton* v. *Board of Education of City of Burlington,* 72 *Id.* 80; *Du Four* v. *State Superintendent of Public Instruction,* 72 *Id.* 371; *Town Council of Montclair* v. *Baxter,* 76 *Id.* 68; *Ridgway* v. *Board of Education,* 88 *Id.* 530; *Schwarzrock* v. *Board of Education of Bayonne,* 90 *Id* .370; *Board of Education of Borough of Beach Haven* v. *State Board of Education,* 115 *Id.* 364.

The Civil Service Act, *supra,* contains no such grant of authority. The section invoked (*R. S.* 1937, 11:22-38) merely provides that, with a certain exception, "No officer, clerk or employe holding a position in the competitive class shall be removed, discharged, fined or reduced, * * * until he has been furnished with a written statement of the reasons for such action by the appointing authority and been allowed a reasonable time to make answer thereto," and that the "action of the appointing authority ordering or directing such removal, discharge, fine or reduction shall not take effect until approved by order of the commission" created by the act. See, also, *R. S.* 1937, 11:25-1, *et seq.* Manifestly, these provisions do not clothe that agency with jurisdiction to review and determine the validity of the action of the local governing body in thus decreasing the salaries of the plaintiff jail keepers in the exercise of the power conferred by chapter 13 of the Laws of 1933, *supra,* or to decree what compensation they are entitled to receive under the circumstances. The powers of this tribunal are special and limited. It possesses only such authority as has been expressly conferred, and such as by fair implication and intendment is incident to the power expressly conferred for the achievement of the general

legislative policy. A reasonable doubt of the existence of a particular power is to be resolved against it. *Newark* v. *Civil Service Commission,* 115 *N. J. L.* 26; *Jersey City* v. *State Water Policy Commission,* 118 *Id.* 72. This provision, viewed in the light of the associated words and the context, plainly has reference to a "reduction" in the rank, status or compensation of the individual civil servant within the statutory class that, if not well-founded, would be discriminatory, and therefore a denial of the protection afforded by the Civil Service Act to him.

Yet the judgment should be affirmed. The pleaded cause of action is not grounded in a statute definitely and absolutely fixing the compensation at the sum sued for, against which conflicting action by the local governing body would be a nullity, but rather in the resolution of the local governing body prescribing the compensation to be made to the court attendants in the exercise of the authority bestowed by the act of 1933, *supra,* on the assumption that such prescription of salary was also applicable to the jailers, notwithstanding the express provision to the contrary. But this is plainly a fallacy. Though the governing body proceeded on the erroneous theory that the court attendants and the jailers constituted two separate and distinct categories as respects the fixation of compensation, its action nevertheless takes the classification of a merely irregular exercise of the authority granted by the act of 1933, *supra,* that stands until vacated in a direct proceeding. Conceivably, if the governing body had been aware of the full import of the statutory policy providing equal compensation to court attendants and jailers, and had grouped court attendants and jailers as one for this purpose, the reduction would have been greater than twenty per cent. of the salaries then payable. The contrary cannot be presumed. The jailers are not at liberty, because of this legislative policy, to invoke, as embracing them also, the action reducing the salaries of the court attendants twenty per centum, and disregard the component provision for a greater reduction of their own. Since this suit is based upon the action thus taken by the local governing body, the validity of such proceeding in its entirety must be assumed here, and

plaintiffs are therefore not entitled to more than their statutory compensation as so diminished. It is to be noticed that this was but part of a general curtailment of salaries, and that the budgets for these years were framed accordingly. If the governing body had, pursuant to the statute, reduced the stipend of court attendants, without making any provision for jailers, a different question would be presented. It might then be argued with some show of reason that there was implicit in the action an intent to effectuate the statutory policy of equal compensation for all such servants.

The judgment is accordingly affirmed.

*For affirmance*—The Chancellor, Chief Justice, Parker, Case, Bodine, Donges, Heher, Perskie, Porter, Dear, Wells, WolfsKeil, Rafferty, Hague, JJ. 14.

*For reversal*—None.