ANDREW J. ZAHN, PLAINTIFF-APPELLANT, v. DEPARTMENT OF CIVIL SERVICE OF THE STATE OF NEW JERSEY, AND WILLIAM S. CARPENTER, PRESIDENT THEREOF, DEFENDANTS-RESPONDENTS.

Argued January 14, 1952—Decided January 28, 1952.

*Mr. Walter D. Van Riper* argued the cause for the appellant.

*Mr. John W. Griggs,* Deputy Attorney-General, argued the cause for the respondents (*Mr. Theodore D. Parsons,* Attorney-General).

The opinion of the court was delivered by

VANDERBILT, C. J.    The facts of the case have been stipulated.    The chief of the Irvington Fire Department

having resigned effective as of May 15, 1950, Commissioner Balentine, then Director of Public Safety, on May 16, 1950, appointed Andrew J. Zahn to the position. At 8:50 that morning the plaintiff took the oath of office and entered on the performance of his duties, without, however, having pursued either of the current modes of qualifying for a promotion, i. e., an examination as required by R. S. 11:4–2 or an authorization from the President of the Department of Civil Service waiving such examination under *Rule* 24 of the Civil Service Commission.

Commissioner Balentine's term of office expired at noon on May 16, 1950, and he was succeeded as Director of Public Safety by Commissioner Hausmann. On that afternoon Director Hausmann rescinded the appointment of the plaintiff and wrote the Civil Service Commission requesting that an examination be called to fill the vacant position. At the same time Director Hausmann designated Harry V. Zigenfus as acting fire chief with the approval of the Civil Service Commission pending a promotional examination. The plaintiff protested his removal and demanded an authorization of his promotion under *Rule* 24 from the President of the Civil Service Commission. In an opinion letter dated June 7, 1950, the President of the Civil Service Commission held:

"No valid appointment can be made under *Rule* 24 until the approval of the President is given. This approval was definitely refused and a promotional examination has been directed.

The question whether I have exercised my authority wisely in the *Irvington* case is one to which I have a complete answer. This appointment by Director Balentine was a 'midnight appointment.' That is to say, it was attempted in the closing hours of his term of office. Since the day when Thomas Jefferson succeeded John Adams as President of the United States, 'midnight appointments' have been denounced by all who believe in sound government. If I have in this instance exercised the small powers vested in me by the law to thwart a 'midnight appointment,' I have made some contribution to good government."

From this determination of the President of the Civil Service Commission the plaintiff appealed to the Appellate Division

of the Superior Court, which affirmed his ruling, 13 *N. J. Super.* 247 (1951).

We granted the plaintiff's petition for certification. The plaintiff's sole point on the appeal is that the President of the Civil Service Commission abused his discretion and acted arbitrarily and unreasonably in refusing to authorize the plaintiff's promotion without examination. The plaintiff ignores the fact that examinations constitute the normal prerequisite for appointment and promotion to a position in the civil service, *R. S.* 11:4–2:

> "Appointments to and promotions in the civil service of the state shall be made only according to merit and fitness, to be ascertained, as far as practicable, by examinations, competitive, if practicable. No person shall be * * * promoted * * * in any manner or by any means other than those prescribed by this subtitle."

and that the plaintiff has not taken such a promotional examination thereunder. Instead the plaintiff seeks relief under Rule 24 of the Civil Service Commission reading as follows:

> "When there are not more than three persons eligible to take the promotion test, or when not more than three of those who are eligible file an application to take such tests, and the preference rights of veterans will not be affected, the president may, in his discretion, authorize such promotion without competitive test."

This rule purports to be promulgated under the authority of *N. J. S. A.* 11:5–1:

> "The commission * * * shall, as a body: (a) Adopt and amend, after public hearing, rules and regulations for making effective the provisions of this subtitle."

Nowhere in the statute, however, is there any provision for waiving promotional examinations.

The plaintiff overlooks the fact that while the language of the statute requiring examinations for promotion "if practicable" is mandatory, the language of Rule 24 is merely permissive and discretionary. Another question sug-

gests itself with respect to Rule 24: Is the delegation of authority to the President of the Civil Service Commission attempted in Rule 24 valid? The answer would seem to turn on whether or not the power so delegated is an executive function within the meaning of *R. S.* 11:1–6. These doubts as to Rule 24 were not raised below. They were posed by the court for the first time on the argument here. We do not pass on them at the present time because they were not completely briefed or argued and it is possible to dispose of the case otherwise.

The question now before us is whether or not the plaintiff has brought himself within the terms of Rule 24. Clearly he has not, for the rule contemplates that the authorization of the President of the Civil Service Commission for promotion without examination shall be given in advance of a promotion and not after it has been made. The authorization contemplated by Rule 24 is intended to be a discretionary substitute for the examination required by the statute. It is just as much a prerequisite to qualification for promotion as passing an examination under the statute. Here no examination was taken nor was any request for an authorization of a promotion without examination made until after the plaintiff had been appointed by the then Director of Public Safety. Here the normal processes of examination or authorization in lieu thereof followed by a promotion have been inverted to a promotion followed by a request for authorization. This on the eve of the expiration of the term of the then Director of Public Safety led the President of the Civil Service Commission to term the transaction a "midnight appointment." The record being barren of any request for an authorization of a waiver of a promotional examination before the attempted appointment was made, we are not called on to pass on the political philosophy of the President of the Civil Service Commission insofar as it relates to a request for an authorization following the attempted promotion. In reviewing the action of an administrative officer we are concerned primarily with what he does and whether there is warrant in law for it.

The reasons he assigns for his action become pertinent only when they relate to what he has the power to do and not to what he has no power to do. Here, assuming the rule to be valid, he has no power to give an authorization after an attempted promotion. Accordingly what he says in denying an authorization after such attempted promotion is quite irrelevant.

The plaintiff makes much of the fact that the President of the Civil Service Commission has given authorizations waiving promotional examinations in 672 other cases. There is nothing before us to indicate expressly whether these authorizations preceded the promotional appointments, as they should have, or followed them, as the plaintiff would have us infer. However that may be, in this case at least the record is clear. The president's letter states definitely, "No valid appointment can be made under Rule 24 until the approval of the President is given."

██ Moreover, even if the President of the Civil Service Commission had the power under the rule to validate a promotion previously attempted without examination it would be of no avail to the plaintiff here. Promotional examinations and authorizations for promotions without competitive tests are conditions precedent and not conditions subsequent to valid promotions, and in the instant case the authorization was not applied for in time to be forthcoming prior to the expiration of Commissioner Balentine's term of office as Director of Public Safety. Quite clearly any appointment to be valid must be effective within the term of the appointing authority.

The decision of the Appellate Division of the Superior Court is affirmed.

*For affirmance*—Chief Justice VANDERBILT, and Justices CASE, HEHER, OLIPHANT, WACHENFELD, BURLING and ACKERSON—7.

*For reversal*—None.