21 N.J. Super. 11 (1952)
90 A.2d 517
JOHN SCANCARELLA, PLAINTIFF-APPELLANT,
v.
DEPARTMENT OF CIVIL SERVICE, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued June 30, 1952.
Decided July 7, 1952.
*12 Before EASTWOOD, STEIN and CLEARY, JJ.
Mr. James A. Major argued the cause for the plaintiff-appellant (Messrs. Major & Carlsen, attorneys).
Mr. John W. Griggs argued the cause for the defendant-respondent (Mr. Theodore D. Parsons, Attorney-General of New Jersey, attorney).
The opinion of the court was delivered by EASTWOOD, S.J.A.D.
John Scancarella appeals to this court from a denial of a hearing by the Department of Civil Service upon an application to review a summary reduction of salary by the employee's departmental superior.
The parties have stipulated the following facts: Scancarella is the chief clerk in the office of the Sheriff of Passaic County; prior to November 14, 1951, his salary was fixed at $6,600 per annum; that on November 14, 1951, the incoming sheriff notified Scancarella that thereafter his salary was reduced to $5,300 per annum; that he had been a member of the civil service system since September 24, 1928, and at the time the action complained of was taken, there had been no charges preferred against him and no cause was assigned for his reduction in salary.
Scancarella appealed to the Civil Service Department for a hearing to review the action of the new sheriff. The department *13 did not hear the employee's complaint, but advised him by letter that it had been "advised by the Attorney General's Office that there has been no violation of R.S. 11:22-38, or Rule 64, of the Civil Service Law and Rules" and that the sheriff had the authority to reduce his salary if he so desired.
Our review of the statutes regarding removal, reductions and the like, as regulated by the Civil Service Act, convinces us that one of the primary objects and prerequisites to validity of such action is the written notice to the employee of the reasons therefor and an opportunity to apply to the Civil Service Department for a hearing to review any alleged irregularity in that action.
R.S. 11:22-38 provides, inter alia:
"No officer, clerk or employee holding a position in the competitive class shall be removed, discharged, fined or reduced, except as provided in section 11:22-6 of this title as to probationers, until he has been furnished with a written statement of the reasons for such action by the appointing authority and been allowed a reasonable time to make answer thereto. A copy of the statement or reasons therefor and the answer thereto, with the action of the appointing authority, shall forthwith be furnished to the commission and entered upon its records, and shall also be entered on the records of the department or office in which the removed, discharged, fined or reduced person was or is employed. The officer, clerk or employee shall at once be notified, in writing, of the action taken on such charges and answer. The action of the appointing authority ordering or directing such removal, discharge, fine or reduction shall not take effect until approved by order of the commission. If, however, such person so ordered or directed to be removed, discharged, fined or reduced shall not, within ten days after notification, as aforesaid, apply to the commission for an investigation of the charges on which such order of removal, discharge, fine or reduction is based, under such rules as the commission shall prescribe, such order may be approved, as of course, without hearing or investigation."
The department, by its letter denying plaintiff's appeal for a hearing, recognized the existence of this enactment, but recited that it was advised by the office of the Attorney-General that there had been no violation thereof. We find nothing in the record to indicate that the appointing authority furnished plaintiff with written notice of the reasons for *14 the salary reduction imposed or that any action was taken by that authority as required by the statute. On the other hand, we find that within the statutory period provided therein, plaintiff appealed to the department for a review of the sheriff's action.
R.S. 11:22-39 provides:
"If the application mentioned in section 11:22-38 of this title is made within the time prescribed, the commission shall fix a time and place for a hearing of the case, of which time and place written notice shall be served upon the appointing authority and the officer, clerk or employee, at least five days prior to the hearing. The respective parties may, at the hearing, be represented by counsel. The commission shall hear witnesses and receive all competent evidence produced and may compel by subpoena the attendance of witnesses and the production of evidence. The commission shall determine the case upon the evidence presented. If the commission shall, on such hearing, disapprove of the order of removal, discharge, fine or reduction, such order so disapproved shall be of no effect."
A reading of this statute clearly indicates a direction to hear plaintiff's complaint and the evidence of the respective parties if the requirements of section 11:22-38 are fulfilled regarding the application. It is after hearing the evidence that the commission is to issue a pronouncement regarding the validity of the action complained of. We find no provision for dismissal of the appeal without hearing if the requirements of R.S. 11:22-38 have been met.
As stated in Tanis v. Passaic County, 126 N.J.L. 303, 306 (E. & A. 1941):
"1. * * * This provision, viewed in the light of the associated words and the context, plainly has reference to a `reduction' in the rank, status or compensation of the individual civil servant within the statutory class that, if not well founded, would be discriminatory, and therefore a denial of the protection afforded by the Civil Service Act to him." (Italics ours.)
A reading of R.S. 11:25-1 et seq., lends further significance and indication of the legislative intent to protect a civil servant from summary action of removal, discharge, fine or reduction.
*15 The action of the Civil Service Department in denying plaintiff's appeal for a review being a mere restatement of the opinion of the Attorney-General, without the benefit of a formal inquiry and presentation of evidence, if necessary, would, in the mind of this court, do violence to the legislative object of the Civil Service Act.
The appeal will be retained and the matter is remanded to the Civil Service Department for a hearing and determination in accordance with the mandate of the applicable statute.