CHARLES H. COVEY, PLAINTIFF-RESPONDENT, v. CITY
OF PLAINFIELD, A MUNICIPAL CORPORATION OF THE
STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Argued January 12, 1953—Decided February 2, 1953.

376

*Mr. Salvador Diana* argued the cause for appellant.

*Mr. Edward Sachar* argued the cause for respondent.

The opinion of the court was delivered by
WILLIAM J. BRENNAN, JR., J. This appeal was taken by defendant City of Plainfield to the Appellate Division and was certified here of our own motion. The appeal is from a judgment entered in the Law Division of the Superior Court nullifying a resolution demoting plaintiff from captain to lieutenant in the fire department and directing the payment to plaintiff of captain's pay from the date of the resolution.

Defendant's fire department ordinance originally provided for four captains. In November 1950 there were four lieutenants in the fire department and three vacancies in the position of captain. Plaintiff and Lieutenant Dawson were ranked first and second, respectively, on a civil service promotional list of eligibles for captaincies. Theirs were the only names on the list, as the other lieutenants, Shattle and Freeman, had not taken the promotional examination.

On November 20, 1950 defendant amended the fire department ordinance to provide for five captaincies. On December 18 Dawson, Shattle and Freeman were respectively appointed second, third and fourth ranking captains.

On December 18 also the city adopted an ordinance creating a traffic and parking commission and a "Division of Parking Meters and Off-Street Parking Lots," to be known as the "Parking Division," and providing for a "Parking Division Superintendent." The ordinance further provided that

"The Parking Division Superintendent, when duly appointed, may hold the rank of Captain in the Fire Department and when holding such rank, shall receive the compensation provided by ordinance for a Captain in said Fire Department; under all other circumstances the Parking Division Superintendent shall receive such salary as the City, by ordinance, shall provide, but said salary shall not be greater than the salary of a Captain in the Fire Department."

On December 28, 1950 plaintiff was appointed "Parking Division Superintendent and Captain in the Fire Department" and the appointing resolution designated him for ranking purposes as "the fifth appointment as Captain."

The department of civil service questioned the appointment of a member of the fire department to the position of parking division superintendent without consideration of the promotional rights of members of the police department and on April 19, 1951, almost four months after plaintiff's appointment, formally advised the city that "the Department of Civil Service cannot accept the ordinance provisions for promoting a member of the Uniformed Fire Department to the position of Parking Division Superintendent under the administrative supervision of the Police Chief without considering the promotional rights of members of the Police Department as well." Thereupon, on July 2, 1951 the challenged resolution was adopted rescinding the resolution of December 28, 1950 which appointed the plaintiff parking division superintendent and captain in the fire department and directing him "to return to his position and duties as Lieutenant in the Fire Department." Subsequently, on Sep-

tember 4, 1951, the fire department ordinance was amended to reduce the number of captaincies from five to four; and on September 18, 1951 an ordinance was adopted abolishing the position of parking division superintendent.

The controlling question is whether plaintiff became a captain in the fire department by reason of the appointment made by the resolution of December 28, 1950. We think that he did. There is no merit in the city's argument that the resolution is to be read as attempting to make an appointment to a new combined position created by the traffic and parking commission ordinance so that the appointment was voidable except as the department of civil service pursuant to Rule 15 of the department established the classification of the combined position and approved plaintiff's qualifications to fill it. The position of captain in the fire department and the position of parking division superintendent were separately existing and separately created by different ordinances. A fifth position of captain in the fire department was provided for by the amendment of November 20, 1950 to the fire department ordinance. Only the position of parking division superintendent was created by the traffic and parking commission ordinance. That the latter did not create a combined position is plain from the provisions which, though authorizing the appointment of a fire captain as superintendent, also provided for the appointment of a person not a fire captain in the discretion of the appointing authority. It is clear that the appointing resolution was designed to effect plaintiff's appointment to the two positions. Whether the resolution was effective to give him the captaincy can therefore be determined without regard to any infirmities making voidable his appointment to the superintendency.

Plaintiff's eligibility for promotion to the captaincy was certified by the department of civil service upon the basis of his average of 86.589% obtained in the promotional examination. Only his name and Dawson's were on the eligibility list and we may assume, as the city contends, that the city was therefore not required to appoint either if it

determined to stand upon the provisions of *R. S.* 11:22–16 providing that the department certify to the appointing authority the "names and addresses of three candidates" so that the appointing authority might select "one of the three so certified." However, the city did not reject the list but appointed both plaintiff and Dawson to captaincies. The normal prerequisite of successful completion of an examination for promotion to a position in the civil service was therefore satisfied in plaintiff's case and no further action by the department in that regard was required. Under *R. S.* 11:22–6 and Department Rule 45 his appointment became "final and absolute" after three months inasmuch as the city did not within that time express dissatisfaction with his conduct or capacity and give written notice to plaintiff and the department that it was discontinuing his services.

 The city, however, could at any time abolish plaintiff's captaincy for any legitimate reason and effect plaintiff's demotion to a lieutenancy without first giving him a hearing. *Reck v. Board of Commissioners of North Bergen,* 110 *N. J. L.* 173 (*E. & A.* 1933); *R. S.* 11:22–10. Plainly the abolition of his captaincy by the resolution of July 2 was in no wise improper. Upon the frustration of the plan to assign plaintiff as parking division superintendent, brought about by the disapproval of the appointment by the department of civil service, defendant was at liberty to abandon the attempt, and this is all that was done. The resolution was clearly valid in the circumstances, and it was error to declare it null and void and to allow plaintiff captain's pay from and after its date.

The provision of the resolution demoting plaintiff to a lieutenancy was likewise proper. This simply declared the legal effect of the abolition of his captaincy. However, under *R. S.* 11:22–10, now superseded by *L.* 1952, *c.* 323, *p.* 1046, his status became that of "a person in the classified service whose position has been abolished for reasons of economy or otherwise," whose name "shall be placed upon a special eligible list, which list shall [with an exception not pertinent

here] take precedence over all other civil service lists" and he is "entitled to reinstatement at any time thereafter" in a captaincy "as soon as the opportunity arises."

Plaintiff contends, however, that even if his captaincy was legally abolished, he should not have been demoted but should have displaced either Shattle or Freeman who were given their promotions to captaincies without first having taken the promotional examination. The department of civil service waived the promotional examination in their cases and purported to approve their appointments on the alleged authority of Department Rule 24 which provides that "When there are not more than three persons eligible to take the promotion test or not more than three of those who are eligible to file application to take such test and the preference rights of veterans will not be affected, the president may, in his discretion authorize such promotion without competitive test." There is serious doubt of the sufficiency of this approval of the promotions of Shattle and Freeman on the authority of that rule. The approval was given almost a year after the appointments were made, and in *Zahn v. Department of Civil Service,* 8 *N. J.* 423 (1952), we interpreted the rule to contemplate "that the authorization of the President of the Civil Service Commission for promotion without examination shall be given in advance of a promotion and not after it has been made," assuming in the first instance the validity of the power as a delegation of an executive function, a question which we expressly reserved. However, the question of plaintiff's rights as against Shattle or Freeman can not be determined in this proceeding to which neither is a party. In addition, plaintiff hardly has a standing to raise the question at this juncture after having for months accepted his ranking as fifth captain junior to both.

However, the circumstances have substantially altered since the filing of the appeal. Dawson's captaincy has become vacant by reason of his death. The city conceded on the oral argument that this circumstance entitled plaintiff

to reinstatement as captain if he became a captain under the resolution of December 28, 1950. But we do not think we should direct the entry of a judgment declaring him vested with a captaincy by reason of Dawson's death. His reinstatement should be accomplished within the procedures in that regard provided under the civil service laws and the rules and regulations thereunder.

The judgment of the Law Division is reversed with direction to enter a new judgment in favor of defendant and against the plaintiff, and providing also that the same shall be without prejudice to plaintiff's rights to be reinstated as a captain according to law. No costs.

*For reversal*—Chief Justice VANDERBILT, and Justices HEHER, OLIPHANT, WACHENFELD, BURLING, JACOBS and BRENNAN—7.

*For affirmance*—None.