No. 17,386.

CITY AND COUNTY OF DENVER, ET AL. *v.* ETHEL D. NORRIS.
(281 P. [2d] 160)

Decided March 14, 1955.

Mr. JOHN C. BANKS, Mr. HORACE N. HAWKINS, JR., for plaintiff in error.

Mr. NEIL HORAN, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the Court.

DEFENDANT in error, Ethel Norris, was regularly appointed to the position of matron in the classified service of the police department of the City and County of Denver on January 16, 1933, after passing a competitive civil service examination for that position. At that time the charter provisions of the City and County of Denver, particularly section 319 thereof, provided that the police department should consist of certain specified officers and members, and listed "matron" as one of the specified officers or members, and the further provision that such matron would receive an annual salary in an amount according to that of patrolmen of the third grade.

Following that time numerous amendments of this particular section of the charter were made; however, only the amendments of 1951 and 1953 are material in the consideration of this controversy. The amendment of 1951, designating of what positions the police department should consist, made specific provision for "Patrolmen of the Third Grade, and Matron, three thousand six hundred twenty dollars and forty-three cents." The amendment of June 1953, which dealt with the matter of salary of firemen, policemen and policewomen, grades, detective work, how assigned and salary for, and retirement, specifically abolished the position of deputy chief and made no mention or provision for the position of matron. Whereupon, following the adoption of the 1953 amendment, effective July 1, 1953, the position of matron in the classified service of the police department was abolished, and since that date defendants have refused to recognize plaintiff as a member of the police department in the classified service, and the Civil Service Commission refused to certify her name to the auditor as a member or officer of the department entitled to compensation. Following the refusal of the Civil Service Commission to approve her salary as a member of the police department, she instituted the present action on November 20, 1953 in the district court by a petition directed to defendants to show cause why they should not be ordered to approve the salary payable to plaintiff as a member of the police department in the classified service; that they be required to keep her name on the rolls of the police department in the salary classification as a policewoman third grade; and that she be granted her full salary of $317.00 per month from July 1, 1953. Defendants made return and answer to this motion and upon hearing, the trial court determined that the 1953 amendment did not abolish the office of matron; that plaintiff was entitled to perform the duties thereof; entered its order and judgment that defendants approve the salary payable to plaintiff as matron in the police

department in the classified service; that such salary was fixed by the 1951 amendment; and further found that she was entitled to other benefits under the 1953 amendment according to her period of service. To review this order, defendants have procured the issuance of a writ of error from this Court. Defendants, plaintiffs in error, contend that the 1953 amendment to the charter of the City and County of Denver covers the whole subject of the 1951 amendment; embraces new provisions and primarily shows that it was intended as a substitute for the earlier amendment; that if the two Acts are not in express terms repugnant, and the later Act covers the whole subject of the first and embraces new positions, it is a plain showing that it was intended as a substitute for the first Act, and therefore operates as a repeal of the first Act; and finally, that the position of matron in the classified service of the police department provided by the 1951 amendment, but not in the 1953 amendment, did not exist subsequent to the adoption of the latter amendment.

It is freely admitted that plaintiff occupied the position of matron under civil service for over twenty years; that her service had been entirely satisfactory to her employers; that they would like to retain her in the police service; and that they wished her to be transferred to the rank of policewoman third grade, which was the comparable salary grade. It is very apparent from the record herein that no one in the city government expected or thought that plaintiff would be deprived of her job and her status and rights under civil service; that she has been performing the same service, but as a civil employee; and it is admitted, and could not successfully be questioned, that such services were essential to the department. It surely could not properly be argued that the 1953 amendment, in failing to mention this particular office or service, was an economy measure, because the very amendment in itself provided for increase of salary in the police department. The

amendment discloses no primary object or purpose in abolishing the position of matron, when, in fact, the position still exists.

Plaintiff now contends that the 1953 amendment does not abolish a position involving a necessary public function merely because of omission of any reference thereto. Counsel for plaintiff further contends that the clause in the amendment, "Any provision of the charter or any amendment thereto in conflict herewith, or any part hereof shall be, and the same is, hereby repealed," merely repeals such parts of the prior Act as are in conflict with the later Act and is, by the above quoted clause, an idication that the later Act was not intended to operate as a complete substitute for the prior Act, and since there is no conflict between the two amendments and they can be harmonized, there is no repeal. It also is contended that to abolish a civil service position, the intention to do so must be clear and in good faith, and further, that the position as distinguished from mere title must be abolished. If the duties remain necessary and continue, the position is not abolished, and before the incumbent can be deprived thereof, there must be a clear showing that for reasons of economy or efficiency the position is either abolished or consolidated with another.

Any reorganization of an existing department of government attempted by charter amendment does not mean or require the abolition of prevailing offices, unless the intention to eliminate the specific office is clearly apparent. It is to be remembered in this consideration, that section 17 of the 1953 amendment reads, "Any provision of the charter or any amendment thereto in conflict herewith, or any part hereof, shall be, and the same is, hereby repealed." By adopting this section the voters directed that such parts of the 1951 amendment as were not inconsistent with the 1953 amendment were to remain in force. In other words, the submission of the 1953 amendment and the voters' action thereon, evinced an intent not to have the 1951 Act entirely elim-

inated and replaced. The language employed does not admit the implication of a repeal, and, as is well settled, repeals by implication are not favored. It follows that the omission of the position or office of matron from the 1953 amendment does not necessarily repeal that part of the former amendment, because there is no provision in the later amendment for an office inconsistent therewith. By reasonable interpretation both amendments may be made to operate in harmony on the particular question here involved, and there is no absurdity in holding that the later Act does not repeal the former in this respect.

 It may be accepted as well established that civil service laws do not guarantee tenure of positions that are no longer required. Such positions may be abolished if, in good faith, they are considered to be no longer a public necessity.

 Without unduly prolonging this discussion we may now say that from a plain analysis of the situation here presented, there has been no change in the work now being performed by plaintiff, formerly performing the same work as matron, and further, if the work or duties are necessary and now being performed, then the position was not abolished. We find nothing in the entire record that is an indication of an intention to deprive plaintiff of her position or the benefits pertinent thereto and the loss of the security earned in twenty-one years under civil service regulations, nor anything that could legally force her to take a position as a civilian employee. The reasonableness or unreasonableness of legislation is one of the sure criterions in arriving at the intention of the law-making authority. If the contentions of the city and the commission are upheld, injustice to plaintiff would obtain; therefore the amendment here involved will not be so construed, because an interpretation without injury is clearly susceptible. Accordingly the judgment of the trial court to the end that the defendants approve the salary payable to plaintiff as matron with relationship to the salary fixed by the amendment of

1951, and that plaintiff be entitled to all benefits to the extent that her period of service in the police department qualifies, is affirmed.