60 N.J. Super. 587 (1960)
160 A.2d 52
GERALDINE MARSHALL, APPELLANT,
v.
BOARD OF CHOSEN FREEHOLDERS OF HUDSON COUNTY, DEFENDANT, AND DEPARTMENT OF CIVIL SERVICE OF THE STATE OF NEW JERSEY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 14, 1960.
Decided April 11, 1960.
*590 Before Judges GOLDMANN, CONFORD and HANEMAN.
Mr. Rolf G. Schudel argued the cause for plaintiff-appellant (Messrs. Darling and Jobes, attorneys).
Mr. William L. Boyan, Deputy Attorney General, argued the cause for respondent, Department of Civil Service (Mr. David D. Furman, Attorney General, attorney).
The opinion of the court was delivered by CONFORD, J.A.D.
Plaintiff Geraldine Marshall seeks review of a denial by the State Civil Service Department of her claim to permanent status in the employ of Hudson County as a principal clerk stenographer, and of a hearing of her grievance in respect thereof.
Plaintiff was employed by the Hudson County Board of Chosen Freeholders in 1942 as a senior clerk stenographer, permanently assigned to the department of engineering. In 1955, at the request of the board of freeholders, she was temporarily assigned to perform duties in various other county offices, although still carried on the records of the engineering department. While she was engaged on one *591 of these temporary assignments the board of freeholders, on May 18, 1956, adopted a county-wide reclassification plan.
By letter dated August 15, 1957 plaintiff was informed by the Department of Civil Service that as a result of that reclassification her title, that of senior clerk stenographer, would remain unchanged. It does not clearly appear whether the reclassification of her position was based on the duties she was then temporarily performing in the Hudson County Rent Control Agency or on those she had previously performed in the engineering department. It would seem, however, that it was the former, since her duties in the county engineering department were the same as those of one Elizabeth Grogan, a co-worker in that department, at the time of the reclassification. As a result of the reclassification, Miss Grogan's duties were deemed to warrant the next higher title of principal clerk stenographer.
The letter of August 15, 1957 also advised plaintiff to notify the Department of Civil Service within 60 days of any dissatisfaction she might have with the action taken. She apparently did not make any protest until April 17, 1958, at which time she wrote to the Civil Service Department complaining about her salary and status and requesting an interview. Prior to that protest letter, in January 1958, she had been permanently transferred, still as a senior clerk stenographer, to the department of power plants of the county.
In response to the protest letter the Civil Service Department held an informal interview with plaintiff on May 28, 1958, at which time, after discussion of the work she was actually performing, the department officials agreed that her duties were those of a principal clerk stenographer, and accordingly suggested to the county that it process promotion forms for her. The county did nothing, and on July 16, 1958 the Department made a desk audit of plaintiff's duties, confirmed its earlier determination, and again requested the county either to initiate a promotion for her or to return her to a position whose duties were in accord with her *592 permanent title of senior clerk stenographer. Several months later the county informed the Department that it did not intend to request a promotion for plaintiff but that her duties would be made commensurate with her permanent title. After some months more of correspondence between plaintiff, her attorney, Civil Service and the county, and various oral communications which are referred to in the record, the Department again audited plaintiff's duties in May 1959 and found that various functions which she had performed at the time of the first audit were, on county directive, no longer assigned to her. It consequently concluded that her permanent title of senior clerk stenographer was the proper one for the work then being done.
Pursuant to notification by the Department of this finding and its conclusion that plaintiff had no right to promotion to the position of principal clerk stenographer, plaintiff's attorney on June 2, 1959 requested a formal departmental hearing. After concluding that plaintiff was wholly without rights to promotion, the Civil Service Commission denied the request. Plaintiff then brought an action in lieu of prerogative writs in the Superior Court, Law Division, against both the county and the Department. By consent, the complaint against the county was dismissed, and that against the Department, praying for an order compelling the Department to grant a hearing, was transferred to the Appellate Division.
Plaintiff was entitled to a hearing before the Civil Service Commission only if her complaint came within the statutory jurisdictional competence of that body. City of Bayonne v. Dougherty, 59 N.J. Super. 288, 297-298 (App. Div. 1960). The only statutory provisions in any way relevant to plaintiff's claim of right to hearing are N.J.S.A. 11:5-1, (d) and (e) and R.S. 11:25-1 et seq. The Commission is authorized to hear appeals of "persons in the classified service sought to be removed, demoted in pay or position, suspended, fined or otherwise discriminated against * * *," N.J.S.A. 11:5-1(d), or "respecting the administrative *593 work of the department, including appeals from the allocation of positions, the rejection of applicants for admission to examination, and the refusal to certify the name of an eligible, as may be referred to the commission by the chief examiner and secretary," N.J.S.A. 11:5-1(e).
Plaintiff is clearly not entitled to a hearing under the first quoted subsection. She obviously has not been removed, suspended, or fined. She makes no allegation of having been discriminated against for such motives as would confer jurisdiction upon the Commission, that is, because of race, creed, color, religious faith or political belief. City of Bayonne v. Dougherty, supra (59 N.J. Super., at pages 294-295). Nor has she been demoted in pay or position. Cf. Tanis v. Passaic County, 126 N.J.L. 303, 306 (E. & A. 1941), and Scancarella v. Department of Civil Service, 21 N.J. Super. 11 (App. Div. 1952) (reduction in pay entitling plaintiff to hearing); Weaver v. New Jersey Department of Civil Service, North Bergen Tp., Hudson County, 6 N.J. 553 (1951) (dismissal for alleged political motives entitling plaintiff to hearing). Her employment rights prior to the reclassification were those of a senior clerk stenographer. Plaintiff claims neither that that title was not appropriate to the duties in which she was actually engaged at the time of the reclassification nor that the Department in any way abused its statutory responsibility to classify employments, see N.J.S.A. 11:6-2(b); N.J.S.A. 11:22-4; Civil Service Rules 10, 11, by allocating that title to those duties. As a result of the reclassification her position and her compensation remained the same. After the reclassification she received two salary increases. There thus being no reduction of any kind in her status, she obviously was not demoted. See Carls v. Civil Service Commission of N.J., 17 N.J. 215, 221 (1955). Compare Civil Service Rule 53-1 (d).
There is no significant difference, material to the present controversy, between the review and hearing provisions of R.S. 11:25-1 et seq. and those of N.J.S.A. 11:5-1 discussed *594 above. The undisputed facts of this case show no substantial case for administrative hearing under either statutory provision.
But the gravamen of plaintiff's complaint is that since the duties she had been performing in the county engineering department prior to her temporary assignment out of that department were reclassified as appertaining to the position of principal clerk stenographer, it follows that had she been allowed to continue with those duties, as was Miss Grogan, her erstwhile co-worker in the engineering office, her position, too, would have been accorded the next higher title. The deprivation of that opportunity by transfer out of her customary and permanent duties, she claims, is tantamount to a demotion. There is no merit in this contention. The Department's classification is of positions, not of persons. It is the employer alone who may make appointments to any given position, subject to Department approval. N.J.S.A. 11:22-16; R.S. 11:22-32; see also Jersey City v. Department of Civil Service, 57 N.J. Super. 13, 18 (App. Div. 1959). Cf. Melchionne v. City of Newark, 60 N.J. Super. 104, 120-121 (App. Div. 1960). Had plaintiff remained in her original position the reclassification would have resulted in two principal clerk stenographer positions in the county engineering office instead of only one. But the county would have been free to determine that it desired only one such position and so to provide. Clearly, transfer from the position of senior clerk stenographer to that of principal clerk stenographer is a promotion since it involves an increase in salary. N.J.S.A. 11:22-34. Therefore an appointment to that new position would have had to accord with the statutory and administrative regulations governing promotion. N.J.S.A. 11:22-34. There would then have been two persons eligible for promotion to the position, plaintiff and Miss Grogan. Under Civil Service Rule 24, the validity of which is not here questioned, cf. Zahn v. Department of Civil Service, 8 N.J. 423, 427-428 (1952), implementing N.J.S.A. 11:22-16, *595 appointment could have been made without examination, the county being free to appoint either of the two eligibles so long as its choice was not motivated by considerations of their religious or political opinions or affiliations. R.S. 11:22-11. The county unequivocally expressed preference for Miss Grogan, and this was its prerogative. Therefore plaintiff's temporary assignment out of the engineering department at the time of the reclassification, which is not contended to have been an illegal exercise of the county's discretion to deploy its manpower as it saw fit, did not prejudice her rights, since she clearly had no right, without an appointment, to the one principal clerk stenographer position maintained in the engineering department. And there was nothing in statute or regulation to compel the county to appoint her to it.
Nor, if it can be argued that deprivation of a right to promotion constitutes a demotion, did plaintiff acquire any right to promotion by virtue of her performance of higher duties after her transfer as senior clerk stenographer to the power plant department, an organizational transfer which the county had the right to make since it did not affect her tenure or other employment rights. R.S. 11:11-3; N.J.S.A. 11:11-4. Moreover, she never objected to that transfer but only to the disurbance of her rights as affected by the original reclassification. Civil Service Rule 53-1 (c). Since the duties she performed in the power plant department as senior clerk stenographer were found to be those of a principal clerk stenographer, the county had two alternatives by which to correct the discrepancy. It could either make the actual duties to be performed by plaintiff commensurate with those lawfully appertaining to the title of senior clerk stenographer, the only title to which plaintiff had a right, or request that the position be retitled and promote plaintiff thereto either by examination or under Rule 24. It was not incumbent upon the county to establish the higher position. Nor could it elect to retain plaintiff's performance of those higher duties *596 in her pre-existing title. R.S. 11:22-12. Its actual choice, that of removing some of plaintiff's duties so that her present title would be appropriate to her position, was entirely within its administrative discretion.
Plaintiff does not claim that she has a right to a hearing under N.J.S.A. 11:5-1(e), concerning appeals respecting the administrative work of the Department. And she has no such right. First, the actions of which she complains are her temporary assignment by the county out of the engineering department, in the first instance, and then the county's refusal to promote her after her organizational transfer to the power plants department. Neither of these complaints involves the administrative work of the department, which is the only subject of appeal under that section. Furthermore, the right to a hearing under that section depends upon referral of the complaint to the Civil Service Commission by the chief examiner and secretary. The chief examiner and secretary did not refer the complaint to the commission, for he found it to be wholly without merit. There is no claim that this decision, made after full examination of the county and departmental records and an informal interview with plaintiff, was an abuse of his discretion. And plaintiff points to no factual dispute appropriately calling for an administrative finding of fact. Cf. Jersey City v. Department of Civil Service, supra (57 N.J. Super., at pages 47-50). For these reasons, therefore, even if the departmental participation in the county action through its approvals, certifications, recommendations and suggestions can be regarded as constituting the basic complaint one involving the administrative work of the Department, plaintiff would still not have the absolute right to an administrative hearing.
Affirmed; no costs.