IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 17, 2005 Session

## WANDA SHAW v. SHELBY COUNTY GOVERNMENT

**A Direct Appeal from the Circuit Court for Shelby County**
**No. CT-005574-02     The Honorable Kay S. Robilio, Judge**

_____

**No. W2004-01110-COA-R3-CV - Filed April 22, 2005**

_____

Shelby County employee appealed denial of review by the County's Civil Service Merit Board following elimination of her position. The Shelby County Circuit Court affirmed the denial of a review by the Board because employee's position was eliminated due to loss of funding as opposed to disciplinary action against her. Employee appeals. We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which DAVID R. FARMER, J. and HOLLY M. KIRBY, J., joined.

Emma L. Cole of Memphis For Appellant, Wanda Shaw

Brian L. Kuhn, Shelby County Attorney; Robert B. Rolwing, Senior Assistant County Attorney, For Appellee, Shelby County Government

**OPINION**

This case was submitted to the trial court upon Stipulations of Fact. For purposes of consistency, we reproduce those facts herein:

> 12. Wanda Shaw ["Plaintiff," or "Appellant"] began service with
> Shelby County Government ["Defendant," or "Appellee"] as a

durational[1] employee in the Private Industry Council Grants program, in the classified Civil Service Merit System on March 1, 1985, completing her six (6) month probationary period on August 1, 1985.

13. In 1996, Wanda Shaw applied, qualified for, and was selected for an Accounting position in the Shelby County Tax Assessor's Office. She began her position in the Assessor's Office on June 15, 1996, and served a six (6) [month] probationary term, becoming a regular permanent employee in the Civil Service Merit System.[2]

14. Wanda Shaw's position in the Tax Assessor's Office was eliminated pursuant to a reduction in force on June 11, 1999, and pursuant to preferential placement rights was placed back into the position in the Private Incentive Program.

15. Shelby County, by letter dated June 11, 1999, stated that it "will honor all benefits and other commitments made to [Wanda Shaw], and your civil rights will be protected."[3]

---

[1] The Shelby County Government Personnel Management System, a handbook made pursuant to the authority of the Civil Service Merit System to make personnel policy and rules, defines a durational employee as follows:

> "Durational employee" - - An employee who is employed for a specific period (i.e. grant, contract or project) of twelve months or longer. Durational employees receive all benefits and are considered to be in the classified service and the equivalent of permanent employees except for the term nature of their employment.

[2] The Shelby County Government Personnel Management System handbook defines "permanent employee" as follows:

> "Permanent employee" - - An employee whose permanent status has been approved at the completion of the original employment probationary period and is eligible for all benefits and rights under the Civil Service System.

[3] This letter, from Rita Clark, Assessor of Property, to Wanda Shaw, dated June 11, 1999, reads, in pertinent part, as follows:

> With the current budget cutbacks in Shelby County Government, it has become necessary for us to restructure our operations to complete the 2001 Reappraisal in a timely and efficient manner.
>
> After carefully reviewing all departments within our office, we are eliminating the six Accountant B positions in Personal Property. The audit work performed by these positions will be outsourced along with the larger accounts now being handled by an outside firm.

(continued...)

16. On June 16, 2000, Wanda Shaw was hired as a durational employee as a Grants Coordinator for a Juvenile Accountability Incentive Block Grant (JAIBG), within the Shelby County Revenue Department.

17. Wanda Shaw was informed by memorandum dated, August 3, 2001, that her position with the Shelby County Revenue Department would end on September 30, 2001, because the grant which funded the JAIBG program would no longer be received by Shelby County.[4]

18. Wanda Shaw was terminated from that position on September 30, 2001.

19. On October 3, 2001, Wanda Shaw sent a request to the Shelby County Civil Service Merit Board, to appeal her termination to that Board.[5]

---

[3](...continued)

> Jay Bailey, our Director of Personnel, has already met with County Personnel officials to put your name on the priority list for other Accountant B positions within County Government. They will help us move you into openings as they occur.

> This decision was not made easily or lightly. We weighed all the options available and made our decision based on what was best for the overall operation and our obligation to taxpayers. I appreciate your contributions to this office and will support your efforts to move on within Shelby County Government.

> While June 11, 1999 will be your last day at work, you will be paid through July 15, 1999, with the full amount included on your June 30 paycheck. We will honor all benefits and other commitments made to you, and your civil service rights will be protected.

[4] The Memorandum from Martha Lott, Manager, to Wanda Shaw, dated August 3, 2001, reads, in relevant part, as follows:

> This memo is to inform you that the JAIBG Coordinator position will end September 30, 2001. This position will not be refunded with FY 2000 JAIBG funds.

> I talked with Danny Kail and Jim Martin who state that you applied for and were hired into a durational position at PIC. Due to the durational status, there are no preferential hiring rights.

[5] A letter from Mark Allen, attorney, to Trish Monteil, Assistant Secretary for the Civil Service Merit Board, dated October 3, 2001, reads, in pertinent part, as follows:

(continued...)

20. On October 4, 2001, Danny Kail, then Shelby County Administrator of Personnel, sent a letter denying Wanda Shaw's request for appeal, stating that since Wanda Shaw was not terminated for disciplinary reasons, "she is not eligible to appeal to the Civil Service Merit Board."[6]

21. The Administrator of Personnel also stated in the October 4, 2001 letter that Wanda Shaw was a durational employee and therefore had no placement rights.[7]

(Citations to Record omitted).

On September 30, 2002, Ms. Shaw filed a "Complaint for Violation of Due Process" against the Shelby County Government. Concerning causes of action, Ms. Shaw's Complaint reads as follows:

16. The Defendant's stated reason that the funding for the Plaintiff's position was no longer available was not the true reason for the Plaintiff's termination and the Defendant acted in bad faith to avoid

---

[5] (...continued)

I hereby appeal the termination of Ms. Wanda Shaw from Shelby County Government effective September 30, 2001 and request a hearing before the Shelby County Civil Service Merit Board.

[6] This letter reads, in relevant part, as follows:

The Shelby County Employee Handbook (p. 34) states the following:

"**Civil Service Merit Board**–For discipline involving a demotion in rank or compensation, suspension without pay for more than t[en] (10) days and termination.

To be eligible for a Civil Service Merit board appeal, an employee must file a written reqBest with the Administrator of Personnel within seven calendar days of receipt of the written notice of the disciplinary action."

It is our position that she was not terminated from her position for disciplinary reasons. Therefore, she is not eligible to appeal to the Civil Service Merit Board.

Furthermore, Ms. Shaw was in a durational position and has no placement rights within the Civil Service System. Ms. Shaw is welcome to apply for any position that she meets the minimum qualifications for.

[7] *See* footnote 6, s*upra*.

the Civil Service Merit System disciplinary requirements entitling the Plaintiff to appeal a termination to the Civil Service Merit Board.

17. The Defendant violated its own Civil Service Merit Act, Tennessee Private Acts of 1971 Chapter 110, as amended, when it terminated the Plaintiff, a classified civil service employee without cause.

18. The Defendant deprived the Plaintiff of her civil rights in violation of 42 United States Code, Section 1983 when it terminated the Plaintiff, a tenured employee, from her position without a pre-termination or post-termination hearing depriving her of her job without due process of law.

19. The Defendant has continued to violate the Shelby County Merit Act, Tennessee Private Act of 1971 Chapter 110, as amended by its failure and refusal to grant the Plaintiff priority placement over other applicants, even though, the Plaintiff was a regular employee, not durational when she was terminated, having gained her tenure as a regular civil service employee after completing probation in the County Assessor's Office in 1996.

Ms. Shaw was allowed to amend her pleading. The Amended Complaint, filed on February 18, 2003, references the June 11, 1999 letter from the Shelby County Assessor, in which the Assessor stated that Ms. Shaw's civil service rights would be protected, *see supra* at footnote 3. The Amended Complaint asserts that "at no time did the plaintiff waive her civil service status as a regular employee."

On February 20, 2003, Shelby County filed its Answer. The Answer asserts a violation of the applicable statute of limitations and states that "at no time was [Ms. Shaw's] status changed from durational employee to regular employee;" that Ms. Shaw's position was eliminated due to lack of funding; and that because Ms. Shaw was not terminated for a disciplinary reason, she did not qualify for a hearing before the Shelby County Civil Service Merit Board.

On September 16, 2003, the case was submitted to the trial court upon "Stipulations for Trial on the Record." The Stipulations included both statements of fact, *see above*, and of law.

On March 25, 2004, the trial court entered Judgment in favor of Shelby County. The Judgment reads, in relevant part, as follows:

1. Wanda Shaw was a permanent employee under the Shelby County civil service merit system from June 1996 to June 1999.

2. That permanent status changed to a durational status when her permanent position with the Shelby County Assessor was eliminated and she accepted a grants coordinator position with the Shelby County Revenue Department in June 2000.

3. The block grant which funded that grants coordinator position ended in September 2001.

4. Ms. Shaw's grants coordinator position was eliminated when the grant which funded her position ended.

5. Ms. Shaw remained a durational employee at the time of termination of her position in September 2001.

6. According to the language of Tennessee 1971 Private Acts, chapter 110, creating the Civil Service Merit System of Shelby County, as well as the Shelby County Government personnel Management System handbook, set out in the Stipulations, a durational employee is not entitled to a civil service hearing upon elimination of the employee's position for loss of funding.

7. For those reasons, Wanda Shaw is not entitled to a civil service hearing before the Shelby County Civil Service Merit Board.

Ms. Shaw appeals from this Judgment and raises the following issue for review as stated in her brief:

Whether the Appellant was entitled to a hearing before the Civil Service Merit Board for her September 30, 2001, termination from the Juvenile Accountability Incentive Block Grant (JAIBG) Program?

A. Whether the Appellant, who was in the classified service with permanent employee status had the right to challenge her transfer from permanent employee status to durational employee status in an appeal to the Shelby County Civil Service Merit Board?

B. Whether the Appellant, who was told that her civil service rights would be protected when she transferred from permanent status to durational status, has a right to challenge her termination from employment?

As noted above, this case was submitted to the trial court upon stipulations of fact. It is well settled in Tennessee that, when a trial court is called upon to make a finding of fact based on

uncontroverted evidence, its conclusion is one of law, and the appellate courts will review that finding as a question of law. ***Billington v. Crowder***, 553 S.W.2d 590, 595 (Tenn. Ct. App.1977); ***Continental Ins. Co. v. Cooper***, 58 Tenn. App. 316, 430 S.W.2d 661 (1968). As a question of law, our review of the trial court's Judgment is ***de novo*** upon the record with no presumption of correctness accompanying the trial court's conclusions of law. *See* Tenn. R. App. P. 13(d); ***Waldron v. Delffs***, 988 S.W.2d 182, 184 (Tenn. Ct. App. 1998); ***Sims v. Stewart***, 973 S.W.2d 597, 599-600 (Tenn. Ct. App. 1998).

Ms. Shaw first asserts that she had the right to challenge her transfer from permanent employee status to durational employee status in an appeal to the Shelby County Civil Service Merit Board. As set out above, in 1996, Ms. Shaw was hired for an Accounting position in the Shelby County Tax Assessor's Office. She completed her six month probationary period and became a permanent employee. On June 11, 1999, her position in the Tax Assessor's Office was eliminated due to a reduction in force. At that time, Ms. Shaw received a letter from the Assessor of Property (*see* footnote 3 above), which indicated that Shelby County would "honor all benefits and other commitments made to you, and [that Ms.Shaw's] civil rights [would] be protected." On June 16, 2000, Ms. Shaw accepted a durational position with the Shelby County Revenue Department.

On appeal, Ms. Shaw asserts that the 1999 letter from the Assessor of Property in effect allows her to maintain her status as a permanent employee despite the fact that she accepted a durational position on June 16, 2000. Because her durational position was later eliminated, Ms. Shaw now asserts that she should be able to challenge her reclassification from permanent to durational employee. We disagree.

The Civil Service Merit System of Shelby County was created by the Tennessee Private Acts of 1971, Chapter 110 (hereinafter, "the Act") to provide a unified personnel system for employees of the Shelby County Government. The Act provides in Section 21, "Appointments permanent:"

> Except as otherwise provided in the Act, **no employee in the classified service who is not a durational employee** and who shall have successfully completed the prescribed period of probation and **therefore has been permanently appoint or inducted into the system under the provisions of this Act, shall be dismissed**, suspended, demoted or subjected to other discipline, **except for cause**.

(Emphasis added).

Under Section 21 of the Act, when Ms. Shaw completed her probationary period and became a permanent employee in the Tax Assessor's Office in 1996, she gained a property interest in that position. Consequently, she could only be removed from that position "for cause." Section 22 of the Act describes the types of "Disciplinary Action" that may be levied against an employee, to wit:

For unsatisfactory performance of duties or other just cause, an employee in the classified service may be subject to the following discipline by the appointing authority:

(a) Reprimand;
(b) Suspension without pay for a period not to exceed 30 days;
(c) Reduction in pay within allowable range for class of employee;
(d) Demotion to a lower classification;
(e) Dismissal from service;
(f) Retirment under the terms of the Retirement Act, as applicable.

In the first instance, there is no indication in this record that Ms. Shaw was terminated from her position with the Tax Assessor's Office for any disciplinary reason. Rather, the "Stipulations of Fact" indicate that her job was lost as a result of a reduction in force. Section 23 of the Act, is entitled "Reply to Discipline; appeal from discipline" and reads, in pertinent part, as follows:

Any employee demoted in rank or compensation, suspended without pay for a period exceeding ten days, or dismissed, may, within seven days after service of the order of demotion, suspension, or dismissal as hereinabove provided, appeal to the board.

Consequently, even if we assume *arguendo* that Ms. Shaw had a cause of action under the Act, by the terms of that Act, she had seven (7) days from her dismissal to file an appeal with the Board. There is no indication in the record, that Ms. Shaw followed this procedure.

Again, there is no indication that Ms. Shaw lost her position in 1999 due to any disciplinary action against her. In terms of Ms. Shaw's rights in the case of a layoff, the Act provides in Section 25, "Layoff," as follows:

Notwithstanding the other provisions of this Act, in the event that conditions in any department or office of the county or the financial condition of the county necessitates a reduction in the workforce, the required reduction shall be made in such class or classes as the appointing authority designates. Favorable consideration must, however, be given toward retention of those employees in the highest class of positions. If necessary to achieve their retention employees may be temporarily demoted to a lower class of position. The determination as to

-8-

which employees within a particular class are to be laid off rests with the sound discretion of the appointing authority and will be based on such considerations as service ratings, seniority and other relevant factors. Any employee laid off or temporarily demoted to a lower class of position under this section shall be given priority over other applicants to reinstatement to his former position or to a comparable position in the system.

The Shelby County Government Personnel Management System handbook addresses layoffs and reductions in force as follows:

Policy No. 411, "Layoffs":

The appointing authority may separate any permanent employee, without prejudice, because of lack of funds, curtailment of work or reasons of efficiency. The order of layoffs shall be based upon performance ratings, length of service and other pertinent factors under the formula established by the Administrator [of Personnel]. No bumping is permitted of other employees in other departments who hold the same class position unless specified by a bargaining unit agreement. The names of all employees who are laid off shall be reported to the Administrator by the department or agency, and at the request of the individual employee, the administrator shall place these names on a re-employment register. No permanent employee, however, shall be separated for such reason while there are emergency, temporary, provisional, or probationary employees serving in the same class or position in the County service.

The Shelby County Employee Handbook states as to reduction in force that:

In the event of a layoff, consideration will be given to length of service and performance ratings. If laid off, a regular classified employee may request the Administrator of Human Resources to place his or her name on a re-employment register that allows for preferential placement for as long as one year.

Following the reduction in force in 1999, Ms. Shaw accepted a position as a durational employee with the Shelby County Revenue Department. There is no indication that she was caused to take this position under any duress or coercion. Ms. Shaw's permanent employee position with the Assessor was one of six positions abolished as a result of a reduction in force and, according to the 1999 letter the position were to "be outsourced along with the larger accounts now being handled by an outside firm." Before the notification letter was delivered to Ms. Shaw, the Assessor's director of personnel had "already met with County Personnel officials to put [Ms. Shaw's] name on the priority list" for other jobs in the County. Pursuant to the applicable sections of the Act and the Handbook dealing with layoffs and reductions in force, it appears that Ms.Shaw's civil service preferential re-employment rights, as a permanent employee with the Assessor, were honored just as the Assessor promised in the notification letter when Ms. Shaw was placed back into Shelby County employment in her durational employee position as a Grants Coordinator.

Wanda Shaw was informed by memorandum, dated August 3, 2001, that her position as Grants Coordinator with the Shelby County Revenue Department would end on September 30, 2001, because the grant that funded the JAIBG program would no longer be received by Shelby County. Ms. Shaw filed a notice of appeal with the Board within the seven (7) day period discussed above. The Board denied her request to review the termination and Ms. Shaw asserts that such was in direct violation of her civil rights under 42 U.S.C. § 1983. We disagree.

To support her position, Ms. Shaw relies upon this Court's opinion in *Armstrong v. Tennessee Dep't. of Veterans Affairs*, 959 S.W.2d 595 (Tenn. Ct. App. 1997). In that case, one month after a change in the gubernatorial administration, Mr. Armstrong's new superior "reclassified Mr. Armstrong's position from career service [i.e. civil service protection] to executive service status. Only two days following the reclassification...[the new superior] terminated Mr. Armstrong from this position." *Id*. at 596. Unlike the case at bar, Mr. Armstrong's case involved a blatant subterfuge in that he was clearly reclassified in order to bypass due process. Here, no such subterfuge is apparent from the stipulated facts. In addition, the civil service system at issue in *Armstrong* provided that "Mr. Armstrong could not be deprived of his property right by 'suspension, demotion, dismissal, or any other action' without minimal due process." *Id*. at 598 (emphasis in original). The *Armstrong* Court relied upon this language to rule that a hearing was required based upon the subterfuge present in Mr. Armstrong's case. In contrast, the Shelby County civil service system provides for due process hearings under certain, specified circumstances that all arise from disciplinary actions against an employee. We find nothing, however, in the Act that gives rise to a right to a hearing if an employee's position is abolished for a legitimate reason such as restructuring or, as in the case at bar, the ending of a grant. As set out in 15A Am.Jur.2d Civil Service § 82 (2000):

> As a general rule, the abolition of a civil service office or position in
> the interests of economy may be done without notice or hearing to the
> employee affected thereby, unless a statute requires notice and
> hearing before the position is abolished. If such rights are provided to

the employee, the failure to give them invalidates the abolishment of the position.

The abolition of the position cannot be arbitrary or done in bad faith. If the abolition of a position is not in good faith, the affected employee has the right to a full hearing on the issue.

(Footnotes omitted).

Although we can find no Tennessee cases directly supporting the proposition set out in the above section of Am.Jur.2d, other jurisdictions have long held that good faith abolishment of a civil service position does not give rise to a right to a hearing. *See, e.g., Wood v. Loveless*, 244 Iowa 919, 58 N.W.2d 368 (1953) ("The authority which creates an office may abolish it, if it does so in good faith."); *Covey v. City of Plainfield*, 11 N.J. 375, 94 A.2d 669 (1953) ("The city, however, could at any time abolish plaintiff's [position] for any legitimate reason...without first giving him a hearing."); *City and County of Denver v. Norris*, 131 Colo. 259, 281 P.2d 160 (1955) ("It may be accepted as well established that civil service laws do not guarantee tenure positions that are no longer required. Such positions may be abolished if, in good faith, such are considered to be no longer a public necessity.").

As discussed above, there is no indication in this record that Ms. Shaw was terminated from her position as Grants Coordinator for any reason other than the loss of a grant. Likewise, there is no indication that she was terminated from her position in the Tax Assessor's Office for any reason other than a legitimate reduction in force. In the absence of bad faith on the part of the employer, as was the case in *Armstrong*, a legitimate abolishment of a civil service office or position does not give rise to the right to a hearing under the Shelby County civil service system. As this Court stated in *Case v. Shelby County Civil Serv. Merit Board*, 98 S.W.3d 167, 172 (Tenn. Ct. App. 2002) "[t]he most fundamental element of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." The Court goes on to say that due process requires an opportunity to confront and cross-examine witnesses "where the decision to terminate employment turns on determinations of issues of fact." *Id*. at 175. In the instant case, there is a stipulation of fact indicating that Ms. Shaw's positions were eliminated because of "a reduction in force" and "because the grant which funded the [position] would no longer be received by Shelby County." There is no indication of subterfuge or coercion. The positions are simply gone. Consequently, nothing would be gained by a hearing.

For the foregoing reasons, the Judgment of the trial court is affirmed. Costs of this appeal are assessed against the Appellant, Wanda Shaw, and her surety.

W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.