JAMES ARTHUR JOHNSON v. WILLIAM F. MARSH ET AL.

Submitted December 8, 1910—Decided January 12, 1912.

1. The members of a public board, acting in the performance of a public duty, are not personally liable in a civil suit for their acts, providing what they do is done in good faith.

2. The fact that members of a public board, which is without authority to swear and examine witnesses, base their official action upon the unsworn statement of a person in whose truthfulness they have confidence, affords no ground for concluding that such action was not taken in good faith.

On writ of error to Gloucester Circuit Court.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-CHARD and MINTURN.

For the plaintiff in error, *Wilson & Carr.*

For the defendants in error, *David O. Watkins.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This was an action for libel brought against the defendants who composed "the Board of Protectors of Franklin Township in the County of Glouces-ter," and who are appointed under the act of April 20th, 1909, entitled "An act for the prevention of drunkenness." This act, after providing that the governing body of every munici-pality in this state may appoint three citizens to be known as a board of protectors, then imposes upon that board the duty of investigating cases of drunkenness in the municipality for which they are appointed, and requires them, whenever it is satisfactorily made to appear to them that any person residing in, or who frequents, the municipality from which the board was appointed is an habitual drunkard, or is likely to become a drunkard by the use of intoxicating liquors, to give notice in writing to every person licensed to sell liquors in the munici-pality, directing such persons to desist from either selling or giving intoxicating liquors to any such person so determined to be an habitual drunkard, or likely to become a drunkard.

In the present case the board caused a notice to be mailed to one Henry Finger, a licensed saloonkeeper in Franklin township, instructing him "to desist and refrain from either selling or giving directly or indirectly any intoxicating liquors to the following list of names under the penalty of the law." To this notice was attached a list of names in which that of the plaintiff was included. The sending of this notice is the alleged libel upon which the present suit is rested.

It appeared upon the trial of the cause that the names contained in the list were furnished to the defendant Marsh, who was the president of the board of protectors, by persons in whose truthfulness the board had confidence, and who were acquainted with the habits of the men in that locality, and who represented the men whose names were on the list as being either habitual drunkards or persons who were likely to become drunkards. The board of protectors made no independent investigation of the habits of the plaintiff with relation to the use of intoxicating liquors, but accepted as accurate the statement above referred to which was made to the president.

It is settled in this state that the members of a public board, acting in the performance of a public duty, and under a public statute, are not personally liable in a civil action for damages arising out of their acts, providing what they do is done in good faith. *Valentine* v. *Englewood,* 47 *Vroom* 509. The board of protectors of Franklin township is a public board. The duties imposed upon it by the act of April 20th, 1909, are public duties. The action which is made the subject of the present suit was done in the performance of that duty. Consequently, they are not liable to the plaintiff for any injury resulting to him from the notice sent by the board to the saloonkeeper, notwithstanding the fact that he (the plaintiff) was not addicted to the excessive use of intoxicating liquor—as appeared from the proofs in the cause—unless it appeared that in sending the notice the board did not act in good faith.

The statute referred to under which the board was appointed provides no method by which such boards shall pursue their investigations with relation to the cases of drunkenness in the municipalities for which they are respectively appointed. No power is given to them to subpoena witnesses, to swear them, or to examine them. This being so it is evident that the board must rely very largely in conducting its investigations upon unsworn statements made to them by third persons. The fact that they rely upon the statement of a single person in whose truthfulness they have confidence, and who appar-

ently speaks of what he knows, without attempting to verify the statement by further inquiry of other parties, affords no ground for concluding that such action is not taken in good faith. This was the view taken by the trial court, and its logical result was the direction of a nonsuit. We think that direction was entirely proper, and, therefore, affirm the judgment under review.