11 N.J. Super. 264 (1951)
78 A.2d 322
JAMES A. HESTER, PLAINTIFF,
v.
SPENCER MILLER, JR., INDIVIDUALLY AND AS STATE HIGHWAY COMMISSIONER, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided January 20, 1951.
*265 Mr. George H. Bohlinger, Jr., attorney for the plaintiff.
Mr. Theodore D. Parsons, Attorney General of New Jersey (Mr. Sackett M. Dickinson, Assistant Deputy Attorney General, appearing), attorney for the defendant.
SMALLEY, J.S.C.
This matter comes on before this court on a stipulation of facts, the affidavit of the Acting State Highway Engineer and the correspondence between the parties, attached to and made a part of the stipulation.
The question raised relates to the power of the State Highway Commissioner to acquire lands for purposes other than those mentioned with particularity in the provisions of the Highway Act, and is in lieu of prerogative writ.
The pertinent facts as stipulated are as follows:
"1. On or about March 14, 1949, the plaintiff, James A. Hester, was the owner of a tract of land located on Parkway Avenue in Ewing Township consisting of approximately thirty acres. Plaintiff's land is separated from lands owned by the State of New Jersey, used by the State Highway Department and known as Fernwood Service Station, by a twenty foot strip of land owned by a third party which has also been under occupancy by the Department and is now under formal contract of sale to the Department since October 5, 1950. This suit is brought concerning a part of plaintiff's land consisting of 11.4 acres and is that part of plaintiff's land in closest *266 proximity to lands owned by the State of New Jersey. The portion of land in question is more particularly described in the petition in condemnation to which reference is hereinafter made.
"2. Ransford J. Abbott is now State Highway Commissioner and is substituted as defendant for Spencer Miller, Jr., as State Highway Commissioner. No stipulation is made with regard to Ransford J. Abbott individually as a defendant. Plaintiff does not stipulate to dismiss as against Spencer Miller individually.
"3. On or about March 15, 1949, the State Highway Commissioner, through his agents and servants, entered into and took possession of 11.4 acres of plaintiff's land as above described, ever since which time plaintiff has been deprived of the use thereof.
"4. The correspondence between the parties and their attorneys, copies of which are attached hereto, are made a part of this stipulation.
"5. Defendants now assert that the lands in question were taken for the purposes stated in the affidavit of Edward W. Kilpatrick, dated October 13, 1949, filed in this cause in the Chancery Division, and a copy of which is attached hereto for more ready reference.
"6. On March 23, 1949, the State Highway Commissioner took the following action as recorded in the minutes of the meeting of the Commissioner and his staff as follows:
"`Right of Way  Fernwood Station
"`(Item 78) The Commissioner approved plans showing property to be acquired on Lower Ferry Road and Parkway Avenue (or Scotch Road) for highway purposes incidental to the construction of the new State Highway Office Building at Fernwood, and authorized acquisition of the properties as indicated thereon to be acquired for highway purposes. The Commissioner further authorized the transfer of $30,000.00 from the Right of Way Account of Route 54, Section (Route 43) to Second Avenue, (Hammonton), to cover the cost.'
"7. On August 17, 1949, the State Highway Commissioner took the following action as recorded in the minutes of the meeting of the Commissioner and his staff as follows:
*267 "`Right of Way  Fernwood Station
"`(Item 12-A) The Commissioner directed that condemnation proceedings be instituted for acquisition of the property of James A. Hester, Parcel 4, required for highway purposes on Parkway Avenue or Scotch Road for the Fernwood Station of the State Highway Department.'
"8. On or about November 7, 1949, the State Highway Commissioner made application to the Honorable Ralph J. Smalley, Judge of the Superior Court of New Jersey, and filed his petition entitled
"`In the matter of the petition of the State Highway Commissioner of the State of New Jersey for condemnation of the lands of James A. Hester, unmarried,'
and on the twenty-first day of April, 1950, the Honorable Ralph J. Smalley entered an order appointing commissioners in said proceeding but no date has yet been fixed for a hearing. Said petition and order are incorporated by reference in this stipulation."
The affidavit of the Acting State Highway Engineer recites for what purposes the defendant seeks to acquire plaintiff's land by condemnation.
There are three questions requiring determination:
1. The right of the State Highway Commissioner to condemn the lands for the purposes stated.
2. Whether plaintiff has been, by his actions, estopped from denying defendant's right to condemnation.
3. The personal responsibility of the defendant as charged in the complaint.
That this court may take cognizance of this suit notwithstanding the appointment of commissioners on condemnation on the 21st day of April, 1950, has been settled in Bergen County Sewer Authority v. Borough of Little Ferry, 5 N.J. 548 (1950).
It is fundamental that the plaintiff shall be secure in his property and that it may not be taken from him without due process of law, and no authorities need be cited to substantiate *268 this right guaranteed under the Constitution of both the United States and New Jersey.
I do not understand that the defendant contends that there is any specific provision in the statutes authorizing the defendant to take lands for the purposes as outlined in the affidavit of the Acting Highway Engineer, which is as follows:
 "State of New Jersey |
 > ss
 "County of Mercer |
"EDWARD W. KILPATRICK, of full (sic), being duly sworn according to law upon his oath deposes and says:
"1. I am the Acting State Highway Engineer of the New Jersey State Highway Department, and by reason of my duties am familiar with the various projects in which the New Jersey State Highway Department is engaged.
"2. The New Jersey State Highway Department on March 23, 1949 determined to acquire for State Highway purposes a tract of land situate in the Township of Ewing, County of Mercer and State of New Jersey, on Parkway Avenue in said Township, consisting of approximately 11.4 acres (being part of a 30 acre tract), owned, of record, by James A. Hester.
"3. The acquisition of this particular parcel of land was made immediately necessary because a large tract of land formerly devoted to nursery purposes for the raising of shrubs and trees used in connection with State Highway beautification, drainage, landscaping and other purposes, was taken over by the State of New Jersey for the erection of an office building. It then became necessary to acquire immediately another tract of land adjacent to the Fernwood Station of the State Highway Department for several reasons.
"4. It was necessary to dig up and transplant the trees and shrubs which were being grown and cultivated upon the tract of land hereinabove referred to, which was now intended to be used for office building purposes. It was both necessary and desirable for this purpose to acquire a tract of land located as close as possible within the immediate vicinity of the tract of land from which the trees and shrubbery were being moved.
"5. It was also necessary to acquire a tract of land closely adjacent to the Fernwood Station of the New Jersey State Highway Department because the services of servants and agents of the Department were more readily utilizable in close proximity to the Fernwood Station, where these agents and servants are normally stationed.
"6. It is also readily apparent that within the near future it shall or may become necessary to erect additional service buildings to be used in connection with the activities of the New Jersey State Highway Department, and for that purpose the aforesaid lands are most convenient and desirable.
"7. The agents and servants of the New Jersey State Highway Department have entered into negotiations with the said James A. *269 Hester for the purpose of arriving at a fair and reasonable market value to be paid for the acquisition by the State of New Jersey of the said lands. The said James A. Hester has refused to accept the amount offered him by the State of New Jersey as representing the reasonable market value of the said lands.
"8. The appropriate agents and servants of the New Jersey State Highway Department have been instructed to prepare pleadings in condemnation proceedings looking to the acquisition of the said lands through such proceedings, and the establishment thereby of the fair market value to be paid to said James A. Hester. The condemnation pleadings are now in the process of preparation, and will be ready to be filed immediately upon the determination of the present proceedings between James A. Hester and Spencer Miller, Jr., State Highway Commissioner.
 "Sworn and subscribed to Edward W. Kilpatrick
 before me this 13th day of
 October, 1949.
 "s. Kenneth D. Rice"
The oral argument had and the briefs filed by the defendant emphasizes that the lands in question are to be used for the erection of service buildings, garages, repair shops, storage sheds and buildings of a like nature.
The affidavit of the Acting Highway Engineer emphasizes the necessity to dig up and transplant trees and shrubs as more particularly set forth in the fourth paragraph of his affidavit, while the sixth paragraph recites only the possibility of the necessity to erect these additional service buildings. It is therefore fair to say that this situation was the motivating factor in the institution of the condemnation proceedings of plaintiff's land.
Admitting that there is no express or specific power to take lands for these purposes, it is apparent that if the defendant is to succeed in this suit, the powers and authority to take lands for these purposes must be spelled out by implication. No quarrel can be had with the position that the State Highway Commissioner, when acting in his capacity as Commissioner, is an alter ego of the State. Strobel Steel Construction Co. v. State Highway Commissioner, 120 N.J.L. 298 (E. & A. 1938).
However, I am unable to find any authority which gives to the defendant the right to condemn land for the maintenance *270 of nurseries and for the possibility of the necessity of erecting additional service buildings. If such authority exists, it must therefore be found in the implied authority conferred upon the defendant.
In Newark v. Civil Service Commissioner, 115 N.J.L. 26 (Sup. Ct. 1935), there is found the rule regarding the general doctrine of implied powers of state departments.
"This body (Civil Service Commission) is a creature of the statute; its powers are special and limited; and it can exercise only such authority as is legally conferred by express provisions of law, or such as is by fair implication and intendment incident to and included in the authority expressly conferred for the purpose of carrying out and accomplishing the objects for which the commission was created. Any reasonable doubt of the existence of any particular power in the commission should be resolved against the exercise of such authority."
Again, the court in Tanis v. County, 126 N.J.L. 303 (E. & A. 1941) adopted the above quoted language as its own expression.
A review of the authority heretofore granted to the defendant discloses that whenever it was found necessary to grant to the Highway Commissioner authority other than what might be characterized as strictly highway activities, the Legislature did then enact into law specifically the necessary authority to accomplish these purposes.
It will be unnecessary to review here the various statutes so enacted to accomplish these aforesaid activities, yet they do reflect the intention of the Legislature, and, again in Newark v. Civil Service Commission (supra), the court said:
"If, in a subsequent clause of the same act, provisions are introduced which show the sense in which the legislature employed doubtful phrases previously used, that sense is to be adopted in construing those phrases. Consequently, if a subsequent act on the same subject affords complete demonstration of the legislative sense of its own language, the rule which has been stated, requiring that the subsequent should be incorporated in the foregoing act, is a direction to courts in expounding the provisions of the law."
The defendant's alleged power of eminent domain applies to the furtherance of the objects and purposes for which the *271 Department was created, and does not extend beyond the direct furtherance of those purposes.
It may be that defendant's problem is one for the Legislature but it would indeed be only by the stretch of an overactive imagination that would lead to a conclusion that would spell out implied authority and authorize the defendant's right to condemn plaintiff's land for a nursery for growing stock and for the further possible necessity of accommodation of the Department's personnel and equipment.
It would be of some comfort if authority on all fours might be cited to substantiate this view-point, but I am unable to find aid from such source.
As to the second question, whether the plaintiff by his action has been estopped from denying defendant's right to condemn, it would appear from the exhibits and the oral argument that the defendant does not seriously advance this argument and it has no merit.
As to the third question, I again doubt that plaintiff seriously advances the claim of personal liability of the defendant, Spencer Miller, or the substituted defendant, Ransford J. Abbott. There is no personal liability in such an action against the Commissioner individually acting in the performance of a public duty where there is no fraud or malice. Here, none is contended or proven. Johnson v. Marsh, 82 N.J.L. 4 (Sup. Ct. 1912); Valentine v. Englewood, 76 N.J.L. 509 (E. & A. 1908), at p. 515.
For the foregoing reasons, there will be judgment in favor of the plaintiff and against the defendant in his official capacity as Highway Commissioner only.
There may be judgment, however, for the defendant individually and against the plaintiff of a no cause of action.
A form of judgment on notice may be submitted in conformity with these conclusions.