190 N.J. Super. 633 (1983)
464 A.2d 1212
ELBERT EVANS, JR.
v.
ELIZABETH POLICE DEPARTMENT AND/OR THE CITY OF ELIZABETH AND MICHAEL DE ROGATIS.
Superior Court of New Jersey, Law Division Union County.
May 13, 1983.
*634 Leonard T. Bzura for plaintiff (Forman, Forman, Cardonsky, Andril & Bzura, attorneys).
Albert C. Lisbona for defendant (Dwyer, Connell & Lisbona, attorneys).
GRIFFIN, J.S.C.
A call went out over the police radio. The victim of a purse snatching was receiving treatment in the hospital emergency room. She gave the following description of her attacker: black male, 5'10" or 11", early 20s, smooth complexion, wearing a pea coat, navy blue knit hat, gloves. Within 15 minutes of the assault Police Officer Michael De Rogatis spotted a black male a *635 block from the situs of the crime. Suspect, Elbert Evans, Jr., a black male, 5' 10" or 11", in his early 20s with a smooth complexion was dressed in a navy pea coat and a black baseball hat. The police officer took Evans to the hospital where the victim identified him as her assailant. He was arrested and taken before the court the next morning. A complaint was filed. Two weeks later at a probable cause hearing probable cause to arrest was found. He was indicted by a grand jury, tried and acquitted. Prior to acquittal suspect remained in jail for four months.
Evans, now plaintiff, charges Police Officer De Rogatis, the City of Elizabeth and the Elizabeth Police Department with negligence in the performance of the arrest. There is no allegation of bad faith. This suit is not based on false arrest or false imprisonment, but on negligence.
Plaintiff alleges negligence in the procedural performance of the arrest which he claims deviated from accepted police procedure in four ways: (1) stating to the victim prior to her identification that he had apprehended a man fitting her description; (2) removing suspect's hat but not his pea coat; (3) showing the suspect to the victim immediately rather than arranging for a lineup "of similarly featured individuals" at a later time, and (4) accepting victim's statement, "I believe that's the man" as a positive identification.
Assuming, as the court must on defendant's motion for summary judgment, that these allegations are true and that they do constitute simple negligence by the police officer as alleged, defendant is nevertheless protected from civil liability by the New Jersey Tort Claims Act, N.J.S.A. 59:3-3.
Civil liability of public officials and public entities is determined by the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq. In particular, the liability of a public employee for injuries caused by his actions is established in N.J.S.A. 59:3-1(a). But this liability is subject to any immunity provided by law, N.J.S.A. 59:3-1(b). Common law immunities are preserved in the Tort Claims Act by this provision. Blanchard v. Kearny, 145 *636 N.J. Super. 246, 248 (Law Div. 1976), aff'd 153 N.J. Super. 158 (App.Div. 1977). Prior to the Tort Claims Act "[b]y common law an officer was justified in certain cases, in making an arrest, where he had reasonable and probable cause for belief in the guilt of the person detained" and, therefore, was not civilly liable. Valentine v. Englewood, 76 N.J.L. 509, 522 (E. & A. 1908). In that case the court held that Board of Health officials who erroneously but in good faith quarantined a home were immune from liability. See, also, Johnson v. Marsh, 82 N.J.L. 4 (E. & A. 1912) (public officials were protected when they erroneously but in good faith distributed plaintiff's name to sellers of liquors as a "drunkard.")
This common law good faith immunity is now protected under the Tort Claims Act N.J.S.A. 59:3-3 which states: "A public employee is not liable if he acts in good faith in the execution or enforcement of any law."
This court recognizes that there is no immunity for negligence in performing ministerial functions under N.J.S.A. 59:3-2. It is unnecessary to determine whether the action of a police officer in negligently making an arrest is a ministerial function or an immunized discretionary activity under N.J.S.A. 59:3-2 as the situation is clearly covered by N.J.S.A. 59:3-3. This statute specifically exempts from that immunity "liability for false arrest or false imprisonment." Nothing in the language of the statute nor in the comment suggests the possibility that a public employee could be civilly liable for simple negligence when he acts in good faith in law enforcement.
Plaintiff acknowledges that he has no claim for false arrest, false imprisonment or malicious prosecution. His complaint sounds only in simple negligence. Police officers should not have to worry about civil liability in the performance of their duties. It is enough that they must fear for their lives.
N.J.S.A. 59:2-2(b) states that "where the public employee is not liable" the public entity is also not liable. Therefore, since Officer De Rogatis is not liable, neither the Elizabeth Police Department nor the City of Elizabeth is liable.