208 N.J. Super. 348 (1986)
506 A.2d 16
FLORENCE SHORE, PLAINTIFF-APPELLANT,
v.
HOUSING AUTHORITY OF HARRISON AND MICHAEL HENRY, DEFENDANTS-RESPONDENTS, AND VINCENT DOFFANT, CHARLES COE, A FICTITIOUS NAME, PRESENT NAME UNKNOWN, JACK ROE, A FICTITIOUS NAME, PRESENT NAME UNKNOWN, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued December 4, 1985.
Decided February 26, 1986.
*349 Before Judges BRODY, GAYNOR and BAIME.
Christopher A. Ferrara argued the cause for appellant (Peter C. Vitanzo, attorney; Christopher A. Ferrara on the letter briefs).
Michael J. McCaffrey argued the cause for respondent Housing Authority of Harrison (Kunzman, Coley, Yospin & Bernstein, attorneys; Michael J. McCaffrey on the letter brief).
*350 Patricia K. Costello argued the cause for respondent Michael Henry (McAlevy & Costello, attorneys; Patricia K. Costello on the letter brief).
The opinion of the court was rendered by GAYNOR, J.A.D.
This case presents the question of whether the immunity granted under N.J.S.A. 59:5-4 for liability arising from a public entity's failure to provide sufficient police protection service extends to liability resulting from negligence committed by a housing authority security guard during the performance of his assigned duties. We decide that it does not.
Pursuant to leave granted, plaintiff appeals from the grant of defendants' motions for summary judgment dismissing the first count of her complaint on the basis of the immunity provided by N.J.S.A. 59:5-4. In the complaint plaintiff sought recovery for injuries allegedly sustained on the premises of a housing project operated by defendant, Housing Authority of Harrison (Authority), when she fell while attempting to dodge a firecracker thrown at her by a juvenile. She alleged in the first count that defendant, Michael Henry, was negligent in the performance of his duties as a project security guard thereby enabling the juvenile to play with firecrackers and to throw one at her which resulted in her injury. Henry's alleged negligent conduct was imputed to the Authority as his employer.
For the purposes of the summary judgment motion, the facts giving rise to this action were undisputed. The Authority, a public entity, operates two adjoining public housing projects, Harrison Gardens and Kingsland Court. The security service provided by the Authority consisted of a patrol of the two projects by a security guard between 7 p.m. and 11 p.m. Although the guards were nonpolice personnel borrowed from the Harrison Police Department, it was acknowledged that their relationship with the Authority was that of employer and employee. On July 4, 1981 juveniles were setting off firecrackers *351 in and around the projects during the entire day and more frequently in the evening between the hours of 7 p.m. and 9 p.m. At approximately 9 p.m. plaintiff heard a loud explosion on the front steps of her apartment in Harrison Gardens. Upon opening the door, she saw that a firecracker had been detonated inside a glass jug on the steps and noticed a group of youths running away. She started after the boys whereupon one of them threw a large firecracker in her direction. As she ran back to her apartment to avoid the impending explosion, she slipped on a spent firework tube and fell backwards onto the steps thereby sustaining serious injuries. The security guard was not in the area of plaintiff's apartment at the time of this incident and was not aware of the accident until after the arrival of a police officer. Plaintiff asserted that Henry, who was the security guard on duty, had been negligent in failing to properly patrol the area and suggested that, as on prior occasions, he had been "goofing off" in socializing with his girl friend who lived in Kingsland Court when he should have been controlling or chasing away the offensive juveniles.
In granting the summary judgment motion, the court concluded that Henry's negligent performance of his patrol duties was nothing more than the failure of the Authority to provide police protection service and thus subject to the immunity from suit by reason of N.J.S.A. 59:5-4. This statute provides:
Neither a public entity nor a public employee is liable for failure to provide police protection service or, if police protection service is provided, for failure to provide sufficient police protection service.
In so ruling, the judge analogized the condition complained of by plaintiff to a municipality "having only thirty six police officers instead of forty or having three cars in a neighborhood and only two cars in another neighborhood or something like that." We disagree with this conclusion as in our view there is a distinction between the failure to provide police protection service, or sufficient police protection service, and the negligent performance by a police officer of his assigned duties. The latter is not immunized by N.J.S.A. 59:5-4.
*352 This distinction was comprehensively analyzed by this court in Suarez v. Dosky, 171 N.J. Super. 1 (App.Div. 1979) and found to be valid. There, we observed that the protection afforded by N.J.S.A. 59:5-4 concerned the right and power of the public entity "to allocate its resources in accordance with its conception of how the public interest will be best served, an exercise of political power which should be insulated from interference by judge or jury in a tort action." Id. at 9. In holding that this protection does not extend to liability arising from a police officer's negligent performance of his duties after having responded to an automobile accident, we said:
We conclude, therefore, that N.J.S.A. 59:5-4, precludes suits against municipalities and their responsible officers based upon contentions that damage occurred from the absence of a police force or from the presence of an inadequate one. How many officers a town should employ, how each should be equipped and whether a town should have any police at all are political decisions which should not be made the subject of any tort duty.

N.J.S.A. 59:5-4, therefore, has no application to this case. Although a police officer may not be liable for failing to respond (if, for example, he was performing some other official duty), if he does respond he will be subject to liability for negligence in the performance of his ministerial duties. N.J.S.A. 59:5-4 does not insulate police officers from unfortunate results of their negligently executed ministerial duties. NeCasek v. Los Angeles, 233 Cal. App.2d 131, 134, 43 Cal. Rptr. 294, 297 (D.Ct.App. 1965).
Subsequently in Rodriguez v. N.J. Sports & Exposition Authority, 193 N.J. Super. 39 (App.Div. 1983), this court again recognized that the legislative purpose underlying N.J.S.A. 59:5-4 was limited to the protection of the right of a public entity to allocate its resources and to permit it to "determine with impunity whether to provide police protection service, and if provided, to what extent." Id. at 43. The court's indication that the statutory immunity would not protect a public contractor from negligence in providing security services supports an interpretation that the statute likewise does not immunize against the negligence of security guards in the rendering of protection services for the residents of a housing project.
We see no merit in defendant's argument that the failure of a security officer to provide effective services because of *353 his "goofing off" while on the job is tantamount to failure to provide sufficient police protection in the terms of N.J.S.A. 59:5-4. It is clear to us that such failures are distinct and unrelated and that the broad construction accorded the statute cannot operate to merge them into similar acts of omission. Here, as in Suarez, the police protection was provided by the public entity with the officer thereafter acting negligently in the performance of his ministerial duties. In seeking recourse for injuries resulting from such negligent conduct, plaintiff is not attacking the discretionary prerogatives of the Authority in employing only two security officers or in scheduling the tours of duty so that only one officer is patrolling both complexes at a particular time. The gravamen of her complaint is not the failure to furnish a security officer. Rather, it is the asserted negligence of the security officer furnished by the Authority in performing his patrol and police duties. The allegation is that the officer was not where he should have been because of his socializing and failure to patrol the project as his duties required.
Imposition of liability for such negligence of the officer does not encroach upon the right and power of the public entity to allocate its resources in such manner as it deems appropriate in providing for the public good. It merely subjects the entity and its employee to liability for tortious inadequacies in the performance of the employee's tasks. Had the Legislature intended the immunity to extend to such circumstances, we would expect that such a clear departure from prior law would have been more pointedly set forth in the statute. See Suarez v. Dosky, 171 N.J. Super. at 8.
The orders dated July 19, 1985 and August 16, 1985 granting summary judgment on behalf of defendants, Housing Authority of Harrison, Michael Henry and Vincent Doffant are reversed and the matter is remanded to the Superior Court, Law Division, Hudson County, for a trial on all issues.