218 N.J. Super. 11 (1987)
526 A.2d 1093
DOROTHY WOOD, PLAINTIFF-APPELLANT,
v.
CITY OF LINDEN, CITY OF LINDEN DEPARTMENT OF POLICE AND PTL. JOSEPH W. BUTCHKO, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 11, 1987.
Decided May 26, 1987.
*12 Before Judges COLEMAN and COHEN.
Eugene J. McDonald argued the cause for appellant.
John P. Belardo argued the cause for respondents (Ozzard, Rizzolo, Klein, Mauro, Savo & Hogan, attorneys; Edmond R. Casey and Arthur D. Fialk on the brief).
The opinion of the court was delivered by J.H. COLEMAN, J.A.D.
The issue presented in this appeal is whether a jury question is raised concerning the "good faith" immunity, N.J.S.A. 59:3-3, of a policeman who intentionally rams a police vehicle into the vehicle of a fleeing suspect who is trying to avoid apprehension.
Plaintiff, Dorothy Wood, brought suit against the City of Linden, the Linden Police Department and two police officers as a result of injuries she sustained when the vehicle in which she was riding as a passenger was allegedly rammed by a police car and pushed into a parked van during a high speed chase. The *13 pursuit resulted from an unsuccessful attempt by the policemen to serve the driver of the vehicle in which plaintiff was a passenger with a no bail arrest warrant. At the close of all the evidence, the trial judge granted the police officers' motion for an involuntary judgment of dismissal on the ground that they were immune from liability under the New Jersey Tort Claims Act, N.J.S.A. 59:3-3. Plaintiff has appealed. We now reverse because plaintiff established a prima facie case.
Plaintiff filed a complaint and an amended complaint in which she alleged that while she was riding as a passenger in a vehicle being operated by James Cecil, defendants Joseph Butchko and Edwin Gergich, Linden policemen acting within the course of their employment, negligently collided with the vehicle which Cecil operated causing it to strike a parked van. One or both of the impacts caused plaintiff to sustain serious personal injuries. Plaintiff also alleged negligent instruction and training of Butchko and Gergich. Plaintiff settled with Cecil before trial and the claims as to him were dismissed.
The facts essential to our decision are not complicated.[1] On the evening of February 26, 1983, plaintiff and Cecil went out on a date with another couple in plaintiff's car. Plaintiff and Cecil eventually ended up at the St. George Diner in Linden at about 5:30 a.m. on February 27, 1983. Patrolman Gergich was on duty during the early morning hours of February 27, 1983. The Linden Police Department was in possession of a no bail detainer warrant for Cecil's arrest from the Township of Woodbridge. The reason for the arrest warrant was not known by the police. Gergich had received information that Cecil might be driving a 1979 blue Chevrolet bearing New Jersey registration 352-NPF. While on patrol, Gergich observed this vehicle *14 approximately four or five blocks from the St. George Diner being operated by a male with a female passenger. Believing that Cecil might be the driver, Gergich radioed police headquarters and advised that he had the suspect vehicle in sight and requested assistance.
Gergich, who was alone in his patrol car, followed the Cecil vehicle to the St. George Diner. Patrolman Butchko was dispatched to assist Gergich in serving the arrest warrant.
Cecil, who was driving plaintiff's car, entered the driveway of the St. George Diner and pulled into a parking space in the rear of the lot. Butchko, who was alone in his patrol car, arrived at the diner at about 5:45 a.m. He observed Cecil, whom he knew from prior contacts with the police department, seated behind the wheel with a female companion, later identified as plaintiff. Butchko and Gergich blocked the two exits with their patrol cars. After spotlights were directed into plaintiff's vehicle, she told Cecil "Lets get out [sic] here." Cecil pulled out of the lot and drove down St. George Avenue. As Cecil pulled out of the lot, plaintiff realized the spotlights were from police vehicles. Cecil proceeded down St. George Avenue at high speed in the direction of plaintiff's home.
Shortly after leaving the parking lot of the diner, plaintiff saw flashing red lights and realized that a police car was behind them. She testified that she did not realize that the police wanted Cecil to stop. After traveling on St. George Avenue for approximately four minutes, Cecil made a left-hand turn onto Valley Road which runs through Warinanco Park. Plaintiff testified that several police cars were following them at this time. She felt scared and started to scream. Plaintiff heard the sound of gunshots coming from the rear while they were driving through the park. Cecil pushed plaintiff onto the floor of the car and plaintiff's vehicle was rammed from behind by a police car. Plaintiff sat up as they exited the park. Although the shooting had stopped, her vehicle was rammed again in the rear by a police car in the vicinity of the Valley Road School.
*15 Plaintiff testified that after making a right-hand turn onto Walnut Street, her car was once again rammed on both sides by police vehicles and pushed into a parked van. She lost consciousness after this collison. Her next memory was that of being removed from her car by ambulance attendants. Plaintiff estimated that Cecil drove approximately seven miles from the parking lot of the diner to the location where the accident with the van occurred. At no time during this chase did she ask Cecil to stop the car.
Gergich and Butchko gave testimony which controverted much of plaintiff's testimony. They stated that there was no contact with plaintiff's car in the park and that no shots were fired. Cecil pulled up into Butchko's lane on Walnut Street and struck Butchko's vehicle on the right side. While Cecil was trying to force Butchko off the roadway, plaintiff's vehicle turned sideways and struck a parked van.
The trial judge dismissed the case against the City of Linden and its police department at the end of plaintiff's case because plaintiff failed to produce any evidence that the City was negligent in hiring or training Butchko or Gergich. At the end of all the evidence, the judge dismissed as to all remaining defendants based on immunity under N.J.S.A. 59:1-1 et seq. The judge concluded that viewing the plaintiff's evidence as true, the police officers had acted in good faith in the execution or enforcement of the law.
In this appeal, plaintiff contends that her evidence raised factual issues for the jury as to whether the actions of Butchko and Gergich constituted willful misconduct for which there is no immunity under the Tort Claims Act. Plaintiff does not argue in this appeal that the involuntary dismissal as to the City of Linden and the Linden Police Department were erroneous. Clearly, no evidence was presented to allow the jury to deliberate as to them.
The standard for determining a motion for judgment at the close of all the evidence under R. 4:40-1 is the same as that *16 governing the determination of a motion for involuntary dismissal at the completion of plaintiff's case under R. 4:37-2(b). The judge must accept as true all the evidence which supports the position of the party defending against the motion and must accord him the benefit of all inferences which can reasonably and legitimately be deduced therefrom, and if reasonable minds could differ, the motion must be denied. Dolson v. Anastasia, 55 N.J. 2, 5 (1969). The judicial function is quite a mechanical one. "The trial court is not concerned with the worth, nature or extent (beyond a scintilla) of the evidence, but only with its existence, viewed most favorably to the party opposing the motion." Dolson, supra, 55 N.J. at 5-6.
Here, the trial judge dismissed the claims against Butchko and Gergich after concluding that they acted in good faith in the execution of their duties as law enforcement officers thereby entitling them to immunity under N.J.S.A. 59:3-3. The trial judge relied on Roll v. Timberman, 94 N.J. Super. 530 (App. Div. 1967), certif. den. 50 N.J. 84 (1967) as support for her conclusion that a police officer is not liable for damages caused by a vehicle operated by a fleeing suspect while being pursued by a policeman.
Except as otherwise provided by the New Jersey Tort Claims Act, a public employee is liable for injury caused by his act or omission to the same extent as a private person. N.J.S.A. 59:3-1a. This liability, however, is subject to any immunity provided by law. N.J.S.A. 59:3-1b. Although a public employee is not liable for an injury resulting from the exercise of judgment or discretion vested in him, N.J.S.A. 59:3-2a, it has been held that a police officer is subject to liability for negligence in the performance of his ministerial duties. Shore v. Housing Authority of Harrison, 208 N.J. Super. 348 (App.Div. 1986); Suarez v. Dosky, 171 N.J. Super. 1, 10 (App.Div. 1979), certif. den. 82 N.J. 300 (1980). N.J.S.A. 59:3-2d specifically provides that "[n]othing in this section shall exonerate a public employee for negligence arising out of his acts or omissions in carrying out his ministerial functions."
*17 Even a public employee, such as a policeman, who negligently performs a ministerial function is immunized "if he acts in good faith in the execution or enforcement of any law." N.J.S.A. 59:3-3. See Evans v. Elizabeth Police Dept., 190 N.J. Super. 633, 636 (Law Div. 1983); Marley v. Palmyra Bor., 193 N.J. Super. 271, 293-295 (Law Div. 1983). While it is clear that Policemen Butchko and Gergich were attempting to enforce the law by serving the no bail arrest warrant on Cecil, the same cannot be said as to whether the officers acted in good faith throughout the hot pursuit.
The term "good faith" as utilized in N.J.S.A. 59:3-3 has been defined as "honesty of purpose and integrity of conduct without knowledge, either actual or sufficient to demand inquiry, that the conduct is wrong. Required (imputed) knowledge of law is not a part of the definition. Reckless action may deny good faith." Marley, supra, 193 N.J. Super. at 294. Good faith, however, may exist in the presence of negligence. Id. at 295.
Here, plaintiff testified that her vehicle was rammed from both sides by two police vehicles and then pushed into a parked van. Since plaintiff was seated in the passenger seat when the hot pursuit commenced, the clear inference is that Butchko was aware of her presence in the vehicle. Gergich testified that he saw plaintiff in the passenger's seat. Plaintiff also testified that she heard gunshots come from the direction of the chasing police cars. Gergich testified that after he attempted to serve the arrest warrant on Cecil, he "reentered [his] police car and gave chase" at speeds up to 65 miles per hour. There was a clear inference to be drawn from his testimony that he was still driving a police car at the time one or more police vehicles collided with plaintiff's vehicle. Hence, the jury could infer that Gergich was the operator of one of the two police vehicles which plaintiff alleged rammed her car.
We hold that plaintiff's evidence, when viewed in a light most favorable to her, was sufficient to raise a factual issue as to whether Butchko and Gergich acted in good faith while trying *18 to serve the arrest warrant upon Cecil. We disagree with the trial judge's conclusion that Roll v. Timberman, supra, supports her finding. Roll is clearly distinguishable from the present case for two reasons. As we observed in Smith v. Nieves, 197 N.J. Super. 609, 612 (App.Div. 1984), Roll was not decided under the Tort Claims Act. Immunity was not an issue in the case. In addition, the pursuing police vehicle involved in Roll did not strike the fleeing suspect's vehicle. In contrast, plaintiff in the present case alleges that the police officers intentionally rammed the police cars into her vehicle. That conduct, if believed, may have been excessive or reckless in the circumstances thereby denying the policemen the "good faith" immunity. Even though plaintiff's evidence may not have withstood the jury's close scrutiny, it was nonetheless reversible error to foreclose the jury from deliberating.
The judgment dismissing the complaint as to Butchko and Gergich is reversed. The matter is remanded to the Law Division for a new trial as to those two defendants. We do not retain jurisdiction.
Reversed and remanded for a new trial.
NOTES
[1] Plaintiff's brief does not contain any reference cites to the transcript which clearly violates R. 2:6-2(a)(4). Also, plaintiff's statement of facts bears little relation to the trial evidence. Despite these violations, we have elected not to dismiss the appeal or impose sanctions. See Cherry Hill Dodge, Inc. v. Chrysler Credit Corp., 194 N.J. Super. 282, 283 (App.Div. 1984).